JUDGE COFER
delivered the opinion op the court.
The appellant, as administrator of Hattie Pollock, deceased, brought this action against the city of Louisville to recover damages, under section 3 of chapter 57 of the General Statutes, for the loss of the life of his intestate through the alleged willful negligence of certain police officers.
The city, by its answer, put in issue all the material allegations of the petition.
At the ¿(inclusion of the evidence the court, on the motion of the city attorney, directed the jury to find for the defendant, which was done, and a judgment was rendered in bar of the action. From that judgment this appeal is prosecuted.
The first objection taken by the learned counsel for the appellant is, that the court erred in giving a peremptory instruction after evidence had been introduced by the city. But *223 that error, if it be one, did not prejudice the substantial rights of the appellant, if, as contended for the city, there was no evidence even conducing to establish a cause of action against it.
The charter requires that the city shall have and maintain a police force. In obedience to that requirement, a police force was organized by the appointment of the necessary officers and policemen. Two policemen appointed by the city arrested the appellant’s intestate, without a warrant, on a charge of infanticide, and removed her to the jail used in common by the city and the commonwealth. It was alleged, and the evidence conduced in some degree to establish, that the officers knew the condition of the intestate, and were informed that it would greatly endanger her life to remove her, and that her death was caused by her removal. Whether the evidence would have warranted the jury in -finding that the officers were guilty of willful negligence in removing her, and that her death was caused by the removal, we need intimate no opinion; for, conceding both these facts to have been established, we think the appellant failed to make out his case.
The statute provides that “if the life of any person . . is lost or destroyed by the willful neglect of another person . . or corporation, their agent or servants, then the widow, heir, or personal representative of the deceased shall have a right to sue such person or . . . corporation, and recover punitive damages for the loss or destruction of the life aforesaid.”
Conceding (without intending to so decide) that municipal corporations are embraced by the statute, we proceed to inquire whether the city is liable under its provisions for the willful negligence of policemen appointed by it in making arrests upon charges of felony.
The crime with which the intestate was charged was an offense against the commonwealth, and not against the city. *224 The policemen were therefore not engaged about the municipal and local business of the city, nor in the discharge of any duty they owed to it, and consequently they did not make the arrest or remove the intestate as agents or servants of the city, but as officers of the commonwealth. If it be said they had no warrant and no reasonable grounds to believe that a felony had been committed, and consequently had no right to make the arrest at all, it will be sufficient to reply that if the act was done in mere wantonness and wholly without authority the maxim respondeat superior has no application. It is only when the servant is engaged about the master’s business that it applies.
But we do not regard the question of the liability of the city as an open one.
Judge Dillon, in his treatise on the law of Municipal Corporations (sec. 773) thus states the law on this point: Agreeably to the principles just mentioned police officers appointed by a city are not its agents or servants, so as to render it responsible for their unlawful or negligent acts in the discharge of their duties; and accordingly a city is not liable for an assault and battery committed by its police officers, though done in an attempt to enforce an ordinance of the city; nor for an arrest made by them which was illegal for want of a warrant ; nor for their unlawful acts of violence whereby, in the exercise of their duty of suppressing an unlawful assemblage of slaves, the plaintiff’s slave was killed.” The author cites Buttrick v. Sewell, 1 Allen, 172; Kimball v. Boston, Ibid. 417; Pesterfield v. Vickers, 3 Coldw. 205; Ready v. Mayor, &c., 6 Ala. 327; Dargan v. Mobile, 31 Ala. 469; Richmond v. Long’s adm’r, 17 Gratt. 375.
The same principle was recognized by this court in Greenwood v. City of Louisville,* in which it was held that the city was not liable for an injury sustained by the plaintiff in *225 consequence of the negligence of members of the fire department of the city while engaged in their duties in going to extinguish a fire.
These cases all rest on the ground that the municipal corporation represents the commonwealth, and municipal officers, while engaged in those duties which relate to the public safety and the preservation of public order, are the servants of the state. *
We are therefore of opinion that, assuming as true all that the evidence conduced in any degree to establish, the appellant failed to make out a case entitling him to recover.
His counsel cites Johnson v. Municipality (5 La. An. 100),. and Claque v. New Orleans (13 La. An. 275) in which a different conclusion was reached. The case of Johnson v. Municipality was examined by the Supreme Court of Alabama in Dargan v. Mobile, and by the Court of Appeals of Virginia, in Richmond v. Long, and rejected by both as unsound. And the Supreme Court of Louisiana in Stewart v. New Orleans (9 La. An. 461) decided differently, and in effect overruled its decision in Johnson’s case, so that in fact counsel has produced but a single case to sustain his position.
But if we regard the rule announced in Johnson v. Municipality and Claque v. New Orleans as the settled law of that state, there is still an overwhelming weight of authority in favor of the conclusion we have reached, and', in our opinion, it is sustained by the better reasons.
Judgment affirmed.

 Next case after this In this volume.