89  279
98  278

89  279
e113 110
e115  11
115  386

89  279
127  469
f127 470

89  279
135  575

CASE 44—PETITION ORDINARY—NOVEMBER 12.

# Jolly's Adm'x v. City of Hawesville.

APPEAL FROM HANCOCK CIRCUIT COURT.

A CITY IS NOT RESPONSIBLE FOR INJURY, EITHER TO PERSON OR PROP-
ERTY, RESULTING FROM THE NEGLIGENCE OF ITS POLICE OFFICERS.—
Therefore, the fact that a city marshal negligently permitted persons
to congregate on the streets of the city with guns and pistols, and
engage in sham battles, resulting in the death of one who did not
participate in the disorderly proceedings, does not render the city
liable.

W. S. ROBERTS FOR APPELLANT.

1. As the city marshal is a corporate officer, and it was his duty to have
prevented such occurrences as that which resulted in the death of
appellant's intestate, and it was for the special benefit of the corpora-
tion that he should have done so, the defendant is liable.   (Dillon on
Mun. Corp., sec. 974.)

2. The defendant has control of its sidewalks and streets, and it is its
duty to keep them as free from peril as possible, and if it is in
defendant's power to do so, and it fails, it must respond in damages.
Therefore, as the deceased was upon the sidewalk, where he had the
right to be, he had the right to rely upon defendant to protect him
from the effect of a nuisance it had permitted or suffered.   (Parker
v. Mayor of Macon, 39 Ga.; James' Adm'r v. Trustees of Harrods-
burg, 3 S. W. Rep., 135.)

G. D. CHAMBERS AND HENRY MASON FOR APPELLEE.

Authorities cited: Pollock's Adm'r v. City of Louisville, 13 Bush, 221;

Greenwood v. Louisville, 13 Bush, 226; Ward v. Louisville, 16 B. M.,. 193; Prather v. City of Lexington, 13 B. M., 561; Gen. Stats., chap.. 1, sec. 5; Sutherland on Damages, vol. 1, 750, 758; *Idem*, vol. 3, 270,. 279.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

The cause of action stated in the petition of appellant, administratrix of James A. Jolly, is that the marshal of defendant, the city of Hawesville, negli- gently permitted numerous persons to congregate on the streets thereof with guns and pistols, and to engage in sham battles, pursuing and shooting at each other in such close proximity as to endanger lives of those who were not, as well as those so engaged; which was continued from early in the morning until late in the evening of December 25, 1886, without any effort. on part of the marshal, though aware of, to stop it; and that the deceased, son of the plaintiff, was, on that occasion, while quietly sitting on the sidewalk, in no way participating in the disorderly proceeding, shot and wounded by a gun in the hands of one of such persons, that was loaded with powder and a hard wad, from which wound he suffered great pain and died. It is further alleged the marshal was appointed by and subject to removal by the city authorities, and that, though in virtue of his office he had the power and it was his duty to suppress such disorderly and riotous assemblies, as the one described, he willfully neglected to do so, whereby the plaintiff's intestate was shot.

To render a municipal corporation liable for the acts. or negligence of its officers and servants it is not sufficient that they are merely under its control and sub-

ject to appointment and removal by it, for it is only "when a duty is a corporate one, that is, one which rests upon the municipality in respect of its special or local interests, and not as a public agency, and is absolute and perfect, and not discretionary or judicial in its nature, or is one owing to the plaintiff, or in the performance of which he is specially interested, that the corporation is liable in a civil action for the damages resulting to individuals by its neglect to perform the duty, or for want of reasonable skill of its officers or servants acting under its direction or authority in the execution of such a duty." (Dillon on Municipal Corporations, section 980.) "But police officers appointed by a city are not its agents or servants, so as to render it responsible for their unlawful or negligent acts in the discharge of their duties." (Section 975.)

As said by this court in the case of Prather v. City of Lexington, 13 B. M., 559: "The officers of a city are *quasi* civil officers of the government, although appointed by the corporation. They are personally liable for their malfeasance or nonfeasance in office, but for neither is the corporation responsible. Omissions of duty imposed upon them by law, productive of prejudice to an individual, is not a corporate injury. The duties of the officers of the city are prescribed by the statute from which they derive their power. The corporation appoints them to office, but does not, in that act, sanction their official delinquencies or render itself liable for their official misconduct."

Such has been the uniform ruling of this court (see Pollock's Adm'r v. City of Louisville, 13 Bush, 221; Greenwood v. Louisville, *Ibid*, 221; Ward v. Louis-

ville, 16 B. M., 193), and a different one would be not only perversive of the main design of creating municipal corporations, intended principally as auxiliary of the State government, but open the door for actions against cities on account of every personal injury in any degree attributable to misfeasance or nonfeasance of police officers, and thus impose burdens on taxpayers in no just sense at fault or liable. This long and well-settled doctrine has not been modified by statute of this State, except to the extent that section 5, chapter 1, General Statutes, makes a city liable for damages done to property therein by riotous and tumultuous assemblage of people. But the care and particularity with which the conditions of such liability are set out in the statute, and the restriction of it in express terms to cases of injury to property, shows the Legislature did not intend to thereby authorize a recovery against a city for personal injury resulting from the malfeasance or negligence of police officers.

We think the general demurrer to the petition was properly sustained, and, consequently, the judgment is affirmed.