CASE 47—PETITION ORDINARY—NOVEMBER 16.

# Taylor v. City of Owensboro.

APPEAL FROM DAVEISS CIRCUIT COURT.

98   271
e115  385
98   271
e117  522

98   271
f127  469
127  471

98   271
f135  573

1. A CITY ORDINANCE prescribing a greater penalty for a breach of the peace than that prescribed by the State statute for the same offense is void.

2. VALIDITY OF JUDGMENT.—The judgment of a police court imposing a penalty for an offense described in the warrant as being in violation of a city ordinance is not void, although the ordinance referred to is void, the offense being, in fact, a violation of a statute of the State and within the jurisdiction of the court. But even though the judgment were void, the city would not be liable for the acts of its officers in enforcing the judgment.

3. A MUNICIPAL CORPORATION IS NOT LIABLE FOR THE ACTS OF ITS OFFICERS IN ENFORCING THE CRIMINAL OR PENAL LAWS of the Commonwealth or in enforcing penal ordinances of the city. Municipal officers while engaged in duties relating to the public safety and in the maintenance of public order are the servants of the Commonwealth.

JOHN FELAND & SON FOR APPELLANT.

1. The powers delegated to a city government are always to be strictly construed. (Wheatley v. Ccvington, 11 Bush, 174; Johnson v. Louisville, 11 Bush, 532; 7 Bush, 603.)

2. A city ordinance fixing a less penalty for any offense than that fixed by statute for the same offense is void. (Constitution of Ky., sec. 168.)

3. As appellant was tried for a violation of the ordinance and nothing else, and the ordinance was void, the court had no jurisdiction.

4. While the general doctrine is that a city is not responsible for injury either to person or property, resulting from the misfeasance or malfeasance of its officers or agents, yet a city is liable in damages for the acts of its officers and agents in depriving a citizen of his liberty and property intentionally and in obedience to the ordinances of its constituted authorities, and especially when the city is the beneficiary of the action or conduct. (Cooley on Torts, 2 ed., p. 141 (side-page, 122); Dillon's Mun. Corp., 3 ed., sec. 972.)

Taylor v. City of Owensboro.

Cases distinguished: Jolly's Adm'r v. Hawesville, 89 Ky., 280; Pollock Case, 13 Bush, 221.

**J. D. ATCHISON** FOR APPELLEE.

1. The city court had jurisdiction of the offense alleged to have been committed as well as of the defendant in the prosecution, and, therefore, its judgment was not void. The form of the warrant is immaterial. (Constitution of Ky., sec. 143; City Charter, secs. 191, 192.)

2. Police officers appointed by a city are not its agents or servants so as to render it responsible for their unlawful or negligent acts in the discharge of their duties. (Trummell v. Russellville, 34 Ark., 105; Dillon's Mun. Corp., sec. 971 (note); *Idem.*, sec. 950 (note); *Idem.*, secs. 969, 975, 948, 100, 373; Prather v. City of Lexington, 13 B. Mon., 562; Ward v. City of Louisville, 16 B. Mon., 192; Greenwood v. Louisville, 13 Bush, 226; Bruckmeyer v. City of Evansville, 29 Ind.; Pollock's Adm'r v. City of Louisville, 13 Bush, 221; Jolly's Adm'r v. Hawesville, 89 Ky., 279.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant instituted action against the city of Owensboro, seeking to recover damages for an alleged unlawful arrest, conviction and confinement in the workhouse of the city.

It is alleged in the petition in substance that C. N. Pendleton is the judge of the police court of the city of Owensboro; that as such officer he issued a warrant against appellant, charging him with violating an ordinance of the city of Owensboro, denouncing a penalty for a breach of the peace; that by virtue of the warrant the city marshal arrested him and carried him before the police court, where he was tried, convicted for a breach of the peace, and adjudged that the city of Owensboro recover of him $100 and costs, and failing to pay which he was confined in the workhouse of the city for some time.

It is also alleged that the proceedings were under an ordi-

nance, which reads as follows, to wit: "Any person or persons who shall, within the city of Owensboro, be guilty of a riot, rout, unlawful assembly or breach of the peace, shall, upon conviction, be fined not less than $10 nor more than $100."

It is insisted that the ordinance under which the prosecution took place is unconstitutional and void, and, therefore, appellant is entitled to recover damages of the city.

A demurrer was sustained to the petition, and, appellant failing to amend, his petition was dismissed.

Section 1268, Kentucky Statutes, is as follows: "If any person or persons shall be guilty of a breach of the peace, * * the person so offending, and each of them, shall be fined not less than one cent nor more than $100, or imprisonment not less than five nor more than fifty days, or both so fined and imprisoned."

By the terms of the ordinance the fine for a breach of the peace can not be less than $10 nor more than $100, and imprisonment is no part of the penalty. While under the statute for a breach of the peace the minimum fine is one cent and maximum fine is $100, and in addition to which imprisonment not less than five nor more than fifty days may be inflicted.

It will, therefore, be observed that the penalty for a breach of the peace under the ordinance is much less than the one denounced in the statute.

Section 168 of the constitution is as follows: "No municipal ordinance shall fix a penalty for a violation thereof at less than that imposed by statute for the same offense. A conviction or acquittal under either shall constitute a bar to another prosecution for the same offense."

The penalty for a breach of the peace under the ordinance

being less than the one imposed by the statute, the ordinance is in violation of the constitution and void.

Under subsections 22 and 23, section 3290, Kentucky Statutes, the common council of the cities of the third class have the power, within the limits of the constitution of this State and the act relating to cities of that class, to pass ordinances imposing fines and imprisonment for the violation of ordinances and by-laws, breaches of the peace, etc.

The ordinance imposing a fine for a breach of the peace being void, the status remained as if no action whatever had been taken by the common council. There was a statute in force under which both fine and imprisonment could be imposed for a breach of the peace in the city of Owensboro. The judge of the police court of that city had jurisdiction to try persons charged with that offense.

A warrant was issued charging the appellant with the offense of a breach of the peace, under which he was arrested, tried and convicted. It is alleged in the petition he was required to answer "the charge of violating city ordinance 3, breach of the peace, in said city." We understand this to mean that appellant was charged with the offense of a breach of the peace. Although he was charged with violating the ordinance, yet the *gravamen* was a breach of the peace. The judge and the marshal may have proceeded to and did prosecute the appellant on the charge of a breach of the peace, believing the ordinance in question to be in force, and imposed the fine. Yet it was not in force, but a statute was which authorized the imposition of the fine for a breach of the peace. The jurisdiction of the court existed with ample power to try and convict the accused on the charge of a breach of the peace, if proven guilty, and, although the judge may have labored under the erroneous impression that the ordinance was in force, yet having imposed such fine as

he had authority to do by statute, his judgment was not void, and appellant's imprisonment under it illegal. A judgment may be right, still the court may have given a very insufficient or erroneous reason for it. The warrant may have coupled with the charge of a breach of the peace the fact that it was in violation of a void ordinance, still the warrant would be valid, because, by statute, a penalty is denounced for the breach of the peace. While the warrant may have not been in exact form as to the charge and the law, still the court had jurisdiction of the matter. The appellant could have raised any objection he saw proper to the warrant. He was in court, pleaded not guilty, and proceeded in the trial, so far as the petition shows, without raising any question as to the form of the warrant or manner of stating the charge against him, and, as the court had jurisdiction to try the case, the only remedy which appellant had was by appeal from the judgment of conviction.

Had there been no statute imposing a fine, etc., for a breach of the peace, then the question as to the effect of such judgment would be a different question from the one presented in this case. However, that would not affect the question as to the liability of the city. Municipal governments are auxiliaries of the State government. They are created principally to aid in securing a proper government of the people within the boundaries of such muncipalities, and to make more effectual the maintenance of public order. The judges of the police courts, as well as the marshals of municipalities, are officers of the Commonwealth and their respective municipalities, although their duties might be confined to the enforcement of the law within a specified territory. The marshals of such cities are declared to be peace officers of the cities and Commonwealth. (Section 3341, Kentucky Statutes.)

A breach of the peace is a public offense. It is an offense against the Commonwealth. The General Assembly has so declared it to be. While the General Assembly has conferred authority upon the common councils of cities of the third class to impose a penalty on those who may be guilty of it within certain limits, still the offense remains a public one and against the Commonwealth.

The evident purpose of the constitutional convention and the General Assembly was to make more certain and effective the prosecution of the persons who might be guilty of such offenses by conferring upon those immediately affected by such violation of the law the authority to enforce the law and inflict punishments for its violation. But that proper penalties should be imposed under municipal ordinances, the constitution prohibits prescribing by an ordinance a less penalty than that fixed by the statute for the offense. That one charged with such offenses as were denounced by statute and by a municipal ordinance should be put in jeopardy but once, the constitution declared a conviction or acquittal under one should constitute a bar to another prosecution for the same offense.

A municipal corporation is not liable for the acts of its officers in enforcing the criminal or penal laws of the Commonwealth, or in enforcing penal ordinances of the city. The maxim *respondeat superior* has no application.

It is said in 2 Dillon's Municipal Corporations, section 974: "It may be observed, in the next place, that when it is sought to render a municipal corporation liable for the *act of servants or agents, a cardinal inquiry is whether they are the servants or agents of the corporation.*

"If the corporation appoints or elects them, can control them in the discharge of their duties, can continue or remove them, can hold them responsible for the manner in which

they discharge their trusts; and if those duties relate to the exercise of *corporate* powers, and are for the peculiar benefit of the corporation in its local or special interest, they may justly be regarded as its agents or servants, and *the maxim of respondeat superior applies.*

"But if, on the other hand, they are elected or appointed by the corporation, in obedience to the statute, to perform a *public service* not peculiarly local or corporate, but because this mode of selection has been deemed expedient by the legislature in the distribution of the powers of the government, if they are independent of the corporation as to the tenure of their office and the manner of discharging their duties, they are not to be regarded as the servants or agents of the corporation, for whose acts or negligence it is impliedly liable, but as public or *State* officers with such powers and duties as the statute confers upon them, and the *doctrine of respondeat superior* is not applicable.

"It will be seen that, on general principles, it is necessary, in order to make a municipal corporation impliedly liable on the maxim of *respondeat superior* for the wrongful act or neglect of an officer, that it be shown that the officer was *its* officer, either generally or as respects the particular wrong complained of, and not an independent public officer; and, also, that the wrong was done by such officer while in the legitimate exercise of some duty of a corporate nature which was devolved on him by law or by the direction or authority of the corporation."

Section 975: "Agreeably to the principles just mentioned, *police officers appointed by a city are not its agents or servants,* so as to render it responsible for their unlawful or negligent acts in the discharge of their duties; and, accordingly, a city is not liable for an *assault* or *battery* committed by its police officers, though done in an attempt to enforce an ordinance

of the city; nor for *an arrest* made by them which is illegal for want of a warrant, or for other cause; nor for their *unlawful acts of violence*, whereby, in the exercise of their duty of suppressing an unlawful assemblage of slaves, the plaintiff's slave was killed. So, on the same principle, a person who suffers a personal injury *while aiding the police officers* of a city, at their request, in arresting disturbers of the public peace under a valid ordinance, has no remedy against the city. The municipal corporation, in all these and the like cases, represents the State or the public; the police officers are not the servants of the corporation, and hence the principle of *respondeat superior* does not apply, and the corporation is not liable unless by virtue of a statute expressly creating the liability."

The principle enunciated by Mr. Dillon is sustained by almost an unbroken line of decisions of the courts of this country, and by this court in the cases of Pollock's administrator v. Louisville, 13 Bush, 221; Jolly's administrator v. Hawesville, 89 Ky., 279; Prather v. Lexington, 13 B. M., 559.

The cases rest on the ground that municipalities represent the Commonwealth, and municipal officers, while engaged in duties relating to the public safety, and in the maintenance of public order, are the servants of the Commonwealth.

The judgment is affirmed.