CASE 59—ACTION BY JAMES TWYMAN'S ADMR. AGAINST BOARD OF COUNCIL OF FRANKFORT FOR THE DEATH OF PLAINTIFF'S INTESTATE.—FEB. 3.

# Twyman's Admr. v. Board of Council of Frankfort.

APPEAL FROM FRANKLIN CIRCUIT COURT.

FROM JUDGMENT SUSTAINING DEMURRER TO PLAINTIFF'S PETITION HE APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—GOVERNMENTAL FUNCTIONS—NEGLIGENCE—LIABILITY—PUBLIC HEALTH—CONTAGIOUS DISEASES—PESTHOUSE—REMOVAL—PATIENTS—STATUTES.

Held: 1. Where a city was authorized to establish hospitals and make all necessary regulations for the protection of the public health, and, in pursuance thereof, established a pesthouse for persons suffering from contagious diseases, acts of the city's officers in maintaining such house, and in removing thereto plaintiff's intestate, who had smallpox, and in caring for him there until he died, were acts performed by the city in its public, governmental capacity, and not in its corporate and private capacity, and hence it was not liable for negligence in the performance thereof.

Twyman's Admr. v. Board of Council of Frankfort.

2. Where a city, acting in its governmental capacity, passed ordinances for the care of persons having contagious diseases at the pesthouse, and for their removal thereto, the city could not be a participant in the negligent acts of its officers who had charge of the enforcement of such ordinances.

3. Kentucky Statutes, 1903, section 6, providing that, whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, damages may be recovered from the person or persons, corporation or corporations, causing the same, did not confer a right of action against a municipal corporation for the death of a person occurring as the result of an act done in the performance of a governmental function in removing and caring for such person, who was suffering from smallpox, at the pesthouse.

B. G. WILLIAMS AND JOHN W. RAY, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. A municipal corporation is liable for the acts of its mayor and police in negligently enforcing a health ordinance, where there was a special direction to do the act, and no board of health had been appointed under the law. The doctrine of respondeat superior applies. McGraw v. Town of Marion, 98 Ky., 673; City of Paducah v. Allen, 23 Law Rep., 701; Clayton v. City of Henderson, 20 Law Rep., 86; Aaron v. Broilles, 64 Tex., 316; City of Dallas v. Allen, 40 S. W. Rep., 324; City of San Antonio v. White, 57 S. W. Rep., 858; Tormey v. Mayor, &c. of New York, 12 Hun., 542; Hallman v. City of Plattville, 101 Wis., 94.

2. Section 6 of the Kentucky Statutes authorizes an action against the city or any other corporation, where death results as the result of negligence.

IRA JULIAN, FOR APPELLEE.

### STATEMENT.

This is an action against the city of Frankfort for damages for the *negligence of its police officers*, in exposing a smallpox patient, wrongfully, while taking him to the hospital or pesthouse provided for smallpox patients, whereby the patient died. A demurrer was sustained to the petition as amended, and this appeal is prosecuted to reverse that judgment.

The petition as amended, wholly fails to exhibit a copy (or state the terms) and provisions of the ordinance under

which the acts complained of were done, and the petition was not sufficient because of plaintiff's failure to plead the alleged ordinance.

But we insist that this case, as stated in the petition and amendments, falls clearly within the class of cases where the city is not liable for negligence or torts of its police officers, because the duty to provide for the public health appertains to the city only in its *public* and not its corporate or private capacity.

### AUTHORITIES.

Dillon on Municipal Corporations, secs. 960-980; City of Richmond v. Long's Admr., 17 Grattan, 375; Sherbourne v. Yuba Co., 21 Cal., 113 and cases cited; McGraw v. Town of Marion, 98 Ky., 673, 15 Am. & Eng. Ency. of Law; 1114; Taylor v. City of Owensboro, 98 Ky., 271; Pollock's Admr. v. City of Louisville, 13 Bush, 221; Jolly's Admr. v. Hawesville, 89 Ky., 279; Prather v. Lexington, 13 B. M., 559.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

. The appellant, Wesley Twyman, as administrator of the estate of James Twyman, deceased, sued the appellee, City of Frankfort, in the Franklin circuit court, for $20,000 damages for the death of his intestate, alleged to have been caused by the negligence of its police officers in wrongfully exposing the intestate to inclement weather while he had smallpox, by removing him from a comfortable home to the pesthouse used for smallpox patients, which was badly crowded, poorly ventilated, and wholly unfit for the purpose for which it was used. It was averred, in substance, in the petition, that the appellee, as a city of the third class, is empowered to enact ordinances to prevent the introduction of contagious diseases in its corporate limits, to adopt quarantine laws and enforce the same within ten miles of its limits, establish hospitals, boards of health, and make all necessary regulations for the protection of the public health; that in pursuance of the powers enumerated, the appellee has enacted many ordi-

nances for the protection of the public health, and it has established a pesthouse for persons afflicted with contagious diseases, but has never appointed a board of health, for which reason it directed its mayor, other officers, and agents to enforce the ordinances, and to remove any and all persons afflicted with smallpox to its pesthouse, and such officers and agents acted under the authority thus conferred in doing the negligent acts complained of, whereby the intestate lost his life.    A demurrer was filed to the petition by appellee, and, the same having been sustained by the lower court, the appellant refused to plead further.    The petition was thereupon dismissed, and appellee given judgment for its costs.

The case is now before this court, and the only question presented upon the appeal is, does the petition state a good cause of action?

If the acts complained of in the petition were done by the appellee in the effort to protect the public health, which is a duty that appertains to the city in its public, and not in its corporate or private, capacity, it would seem that there can be no liability upon its part, even though such duty was negligently performed by those to whom its performance was entrusted.    "The power or even duty on the part of a municipal corporation to make provision for the public health, and for the care of the sick and destitute, appertains to it in its public and not corporate, or, as it is sometimes called, private, capacity; and, therefore, where a city, under its charter, and the general law of the State, enacted to prevent the spread of contagious diseases, establishes a hospital, it is not responsible to persons injured by reason of the misconduct of its agents and employes therein. . . ." Dillon on Muncipal Corporations, sections 977, 989, 981, 982. City of Richmond v. Long's Adm'r, 17 Grat., 375, 94 Am. Dec., 461.    Sherbourne v. Yuba County, 21 Cal. 113 81 Am.

Dec., 151. Perhaps no better statement of the law on this subject can be made than is found in the following quotation from 15 Am. & Eng. Ency. of Law, 1141, viz.: "While the difficulties surrounding all attempts to state a rule embracing the torts for which a private action will lie against a municipal corporation have been often deplored, yet it is believed that the following formula is both accurate and complete: So far as municipal corporations of any class, and however incorporated, exercise powers conferred upon them for purposes essentially public—purposes pertaining to the administration of general laws, made to enforce the general policy of the State— they should be deemed agencies of the State, and not subject to be sued for any act or omission occurring while in the exercise of such power, unless by statute the action be given. In reference to such matters they should stand as does the sovereignty whose agency they are—subject to be sued only when the State, by statute, declares that they may be. In so far, however, as they exercise powers not of this character, voluntarily assumed—powers intended for the private advantage and benefit of the locality and its inhabitants—there seems to be no sufficient reason why they should be relieved from liability to suit, and measure of actual damage, to which an individual or private corporation exercising the same powers for purposes essentially private would be liable." We find the same principle announced in Taylor v. City of Owensboro, 98 Ky., 271, 17 R., 856, 32 S. W,. 948, 56 Am. St. Rep., 361, wherein it is said by this court: ". . . The municipal corporation in all these and like causes represents the State or the public. The police officers are not the servants of the corporation, and hence the principle of respondeat superior does not apply, and the corporation is not liable unless by virtue of a statute expressly creating the liability.

. . ." In the same case it is further said: "The above principle is sustained by an almost unbroken line of decisions of the courts of this country, and by this court in the cases of Pollock's Adm'r v. Louisville, 13 Bush, 221 (26 Am. Rep., 260); Jolly's Adm'r v. Hawesville, 89 Ky., 279, 11 R., 477, (12 S. W., 313); Prather v. Lexington, 13 B. Mon., 559 (56 Am. Dec., 585)."

We do not regard the cases of Clayton v. Henderson (103 Ky., 228, 20 R., 87) 44 S. W., 667, 44 L. R. A., 474; Paducah v. Allen, (23 R., 701) 63 S. W., 981, and McGraw v. Marion 98 Ky., 673, 17 R., 1254, 34 S. W., 18, 47 L. R. A., 593, cited by counsel for appellant, as authorities in point. The two cases first mentioned involved the illegal action of the boards of councilmen of the cities of Henderson and Paducah in improperly locating pesthouses in violation of the statute, thereby creating nuisances, to the injury of the property rights of contiguous residents, and endangering the lives of their families; and towns and cities can always be held liable for nuisances created or maintained by them. And in the case last mentioned, though the city of Marion was held liable in damages for the arrest and prosecution of McGraw for peddling without license, the arrest was made under a void ordinance, which was enacted for municipal revenue, of which the city of Marion was the sole beneficiary. It is well settled that a city may be held liable for an act resulting in injury to another, where the city derives some special benefit from such act.    Counsel for appellant relies upon Aaron v. Broiles, etc., 64 Tex., 318, 53 Am. Rep., 764; Dallas v. Allen (Tex. Civ. App.) 40 S. W., 324. The former was an action against the board of health, mayor, and marshal of Ft. Worth, and not against the city; and, upon the state of facts presented, it was held that the persons sued were liable. We have been unable to find or

examine the case of Dallas v. Allen, supra; but, conceding that the Texas doctrine is as contended by counsel for appellant, it has not been accepted in this State, and is, we think, against the weight of authority outside of it.

We are unable to see how the failure of the appellee city to appoint a board of health can affect the question under consideration. A board of health would be but an instrumentality or agency in the hands of the municipal government to be employed in protecting and maintaining the public health. Any other means to the same end that would prove as effective as a board of health might be employed by the city, and still the duties to be performed would be such as grow out of the exercise of powers purely governmental.

It is insisted for the appellant that the appellee city participated in the alleged negligent acts of its officers in the manner of removing the intestate to the pesthouse, because it directed the removal. It is not, however, contended that the city council gave any special direction to remove the intestate to the pesthouse, though it is conceded that it adopted proper ordinances under which to care for the public health. It can not be denied that it is the duty of the city authorities to enforce these ordinances by removing those who are afflicted with contagious diseases to the place provided for them. We fail to see, therefore, how, in performing these duties, the city can become a participant in the negligent acts of those who simply have in hand the removal to the pesthouse of persons thus afflicted. At most, only the officers or agents guilty of such negligence may be held liable therefor. Taking all that is alleged in the petition to be true—and it must be so considered for the purposes of the demurrer—it shows beyond question that the acts complained of were such as appertained or were incidental to appellee's duty to the public, and were done for the

protection of the public health.  The power exercised was therefore solely for the public good.

Finally it is insisted for appellant that in event this action was authorized by section 6, Ky. St., 1903, which provides that "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same. . . .."  The statute was enacted to conform to section 241 of our present Constitution, which confers the same right.  We can not believe that the statute and provision of the Constitution *supra* were intended to give a right of action against a municipal corporation for the death of a person occurring as a result of the act done, as in this case, in the performance of a duty which the municipality owed to the public, and the doing of which was but the exercise of power purely governmental.  It seems to us that to hold otherwise would practically do away with municipal authority in the matter of preserving the public health, which would result in consequences disastrous to the public welfare, and ruinous to every city in the State.

For the reasons indicated, the judgment is affirmed.

Petition for re-hearing by appellant overruled.