CASE 47.—ACTION BY HENRY PRINZ AGAINST THE BOARD OF PARK COMMISSIONERS OF THE CITY OF LOUISVILLE FOR DAMAGES FOR PERSONAL INJURIES.—December 6.

# Board of Park Commissioner v. Prinz

Appeal from Jefferson Circuit Court; Common Pleas Branch; Second Division.

MATT O'DOHERTY, Circuit Judge.

Judgment for plaintiff, defendant appeals— Reversed.

1. Municipal Corporations—Maintenance of Public Parks—Authority.—Public parks, maintained without gain, are not only exempt from taxation, but may be created and maintained by taxation, they being public places, established for public purposes; and the right of a city to support by taxation public parks rests on its duty to maintain the public health.

2. Same—Torts—Liability.—In the absence of a statute authorizing it, an action will not lie against a municipality for the neglect of a public duty imposed on it for the benefit of the public or for the personal tort of any of its officers or agents in the performance of such public duty.

3. Same.—In the absence of a statute authorizing it, an action will not lie against a board elected by the voters of a city, with authority to control the public parks supported by taxation, for the negligence of its employes.

4. Same.—A municipal corporation is not responsible for the misdoing of persons in charge of its police or fire departments.

KOHN, BAIRD & SPINDLE, S. E. SLOSS and ROBERT L. GREENE, Attorneys for appellant.

The sole question, for the decision of the court on this appeal, is: Can the board, in the absence of a statute, be held liable for

Board of Park Commissioner v. Prinz.

the negligence of its servants and employes? We contend that it can not, because,

1. It is a governmental agency, and therefore is not suable in tort in the absence of a statute making it liable.

2. If not strictly governmental in its function it is at least charitable, subsists at the public expense, is not operated for profit, and its properties and funds constitute a sacre-1 trust for specific public uses, among which liability in tort is not mentioned. The contention of the appellee and the decisions of the trial judge is to the effect that the case at bar is governed by the principle of the cases of Hauns v. Central Ky. Lunatic Asylum, 103 Ky., 562; Central Ky. Lunatic Asylum v. Hauns, 23 Ky. Law Rep., 1016; Bank of Hopkinsville v. Western Ky. Lunatic Asylum, 108 Ky., 357.

We shall consider these propositions in this order:

1. By reviewing the Kentucky cases with a view of discovering therefrom the principle to be applied to the case at bar, as well as the precedents for the maintenance of this action.

2. By distinguishing the case at bar and its principle and precedents from the case of Hauns v. Central Asylum, 103 Ky., and other cases of like kind.

3. We shall consider the case in principle and precedent as outlined by decisions of other States.

AUTHORITIES CITED (Kentucky Cases).

Warax v. Railroad, 72 Fed., 637; McDonald v. City of Louisville, 24 Ky. Law Rep., 271; City of Owensboro v. Comth., 105 Ky., 344; City of Lexington v. Ky. Chautauqua Assembly, 24 Ky. Law Rep., 1568; Prather v. Lexington, 13 B. Monroe, 559; Ward v. City of Louisville, 16 B. Mon., 184; Patch v. Covington, 17 B. Mon., 722; Pololck's Admr. v. Louisville, 13 Bush, 221; Greenwood v. Louisville, 13 Bush, 226; James' Admr. v. Harrodsburg, 85 Ky., 191; Downing v. Mason, 87 Ky., 208; Jolly's Admr. v. Hawesville, 89 Ky., 279; Williamson v. Louisville Industrial Schools of Reform, 95 Ky. 251, 23 L. R. A. 200; Hite v. Whitley County Court, 91 Ky., 168; Wheatly v. Mercer, 9 Bush, 704; Henderson v. City of Covington, 14 Bush, 312; Comth. v. Boyle County, 24 Ky. Law Rep., 234; Sinkhorn v. Lexington, etc., Co., 23 Ky. Law Rep., 1479; Having v. City of Covington, 25 Ky. Law Rep., 1617; Twyman v. City of Frankfort, 25 Ky. Law Rep., 1620; Dillon on Municipal Corporations, sections 977, 989, 981-2; City of Richmond v. Long's Admr., 17 Grattan, 375; Sherbourne v. Yarbo Co., 21 Cal., 113; Taylor v. City of Owensboro, 98 Ky., 271; McGraw v. Town of Marion, 98

Board of Park Commissioner v. Prinz.

Ky., 673; Dudley v. City of Flemingsburg, 24 Ky. Law Rep., 1804; Sandusky v. Central City, 22 Ky. Law Rep., 669; Davis v. iCty of Middlesborough, 22 Ky. Law Rep., 415; City of Henderson v. Mc-Clain, 102 Ky., 402; Gross v. Ky. Board of Managers of the World's Exposition, 105 Ky., 840; Herr v. Central Ky. Lunatic Asylum, 97 Ky., 458; Lehman v. Beeler, 24 Ky. Law Rep., 174; Henderson County Board of Health v. Ward, 107 Ky., 477; Clayton v. City of Henderson, 103 Ky., 228; City of Paducah v. Allen, 111 Ky., 361; Bank of Hopkinsville v. Western Asylum for the Insane, 108 Ky., 257.

## DECISION OF OTHER STATES.

Hill v. Boston, 122 Mass. 344, 23 Am. Rep. 332; Hall v. City of Concord, 52 Atl., 864; Colwell v. City of Waterbury, 57 L. R. A. 218; Connolly v. City of Nashville, 100 Tenn. 262, 46 S. W. 565; Maxamillian v. Mayer, 62 N. Y., 160; Edgerly v. Concord, 67 N. H., 8; Condiet v. Jersey City, 46 N. J. Law, 157; Steele v. Boston, 128 Mass., 583; Clark v. City of Waltham, 128 Mass., 567; Lincoln v. Boston, 148 Mass. 580, 12 Am. St. Rep. 601; Corning v. Saginaw, 40 L. R. A., 526; Hughes v. County of Monroe, 147 N. Y. 39, L. R. A.

BENNETT H. YOUNG for appellee.

## POINTS AND AUTHORITIES.

1. The board of park commissioners is an annex or an adjunct to the city of Louisville. (Ky. Stats., sections 2840, 2843, 2855, 2841; Gibbs v. Board, 99 Ky., 490; Orvis v. Board of Park Commissioners, 88 Iowa 674, s. c. 56 N. W. 294; Louisville v. Park Commissioners, 112 Ky., 415; Quick v. Board, 20 Ky. Law Rep., 1457; Meddis v. Board of Park Commissioners, 19 Ky. Law Rep., 817; Napier v. Brooklyn, 58 N. Y. S., 506; Board of Park Commissioners v. DuPont, 110 Ky., 743.)

2. Even if this is not so, at the most the board of park commissioners of the city of Louisville is a municipal corporation. (West Chicago Park Commissioners v. Chicago, 152 Ill., 392.)

3. At the common law municipal corporations were liable for torts. (Louisville v. Kuntz, 104 Ky., 584; Louisville v. Siebert, 21 Ky. Law Rep., 328; Louisville v. Bailey, 25 Ky. Law Rep. 6, s. c. 74 S. W. 688; Sheldon v. Kalamazoo, 24 Mich., 385; Kavanaugh v. Brooklyn, 38 Barb., 237; Logansport v. Wright, 25 Ind., 515; Dillon on Municipal Corporations, p. 731; McGraw v. Marion.

98 Ky., 673; Clayton v. Henderson, 103 Ky., 228; 15 Am. & Eng. Ency. of Law, 1141; Teague v. Flemingsburg, 109 Ky., 746; Norris v. Louisville, 111 Ky., 904; Owensboro v. Knox, 67 S. W. 191, s. c. 25 Ky. Law Rep., 680; Louisville v. Keher, 79 S. W. 270, s. c. 23 Ky. Law Rep. 2003; Williams' Municipality Liability for Tort, sections 11, 24; Shindle v. Covington, 1 Bush, 617; Shearman & Redfield on the Law of Negligence, section 355, 5th Ed.; Noble v. Richardmond, 31 Grattan 271, s. c. 31 Am. Rep. 726; Beach on Public Corporations, section 756; Edwards v. Town of Pocahontas, 47 Fed. Rep., 268; Barnes v. District of Columbia, 91 U. S., 540; Moulton v. Scarborough, 71 Mo. 267, s. c. 36 Am. Rep. 308; 20 Am. & Eng. Ency. of Law, p. 1196; Fugate v. ᴸomerset, 97 Ky., 48; Henderson v. White, 20 Ky. Law Rep., 1525; Maysville v. Guilfogle, 110 Ky., 670.)

4. The following cases are distinguished from the case at bar McDonald v. Louisville, 113 Ky., 425; Owensboro v. Comth., 105 Ky., 344; Lexington v. Ky. Chautauqua Assembly, 24 Ky. Law Rep., 1568; Prather v. Lexington, 12 B. M., 559; Ward v. Louisville, 16 B. M., 184; Patch v. Covington, 17 B. M., 722; Pollock v. Louisville, 13 Bush, 221; Greenwood v. Louisville, 13 Bush, 226; James v. Harrodsburg, 85 Ky., 191; Downey v. Mason Co., 87 Ky., 208; Jolly's Admr. v. Hawesville, 89 Ky., 279; Williamson v. Louisville Industrial School of Reform, 95 Ky., 251; Hite v. Whitley Co., 91 Ky., 168; Whitley v. Mercer, 9 Bush, 704; Henderson v. Covington, 14 Bush, 312; Comth. v. Lexington Turnpike Co., 112 Ky., 205; Sinkhorn v. Lexington Turnpike Co., 112 Ky., 205; Having v. Covington, 78 S. W. 431, s. c. 25 Ky. Law Rep., 1617; Taylor v. Owensboro, 98 Ky., 271; Dudley v. Flemingsburg, 24 Ky. Law Rep., 1804; Sandusky v. Central City, 22 Ky. Law Rep., 669; Davis v. Lebanon, 108 Ky., 688; Bean v. Middlesboro, 22 Ky. Law Rep., 415; Twyman v. Frankfort, 78 S. W. 446, s. c. 24 Ky. Law Rep., 1620; Henderson v. Winstead, 109 Ky., 328; Hall v. Concord, 61 N. H., 367; Conley v. Nashville, 100 Tenn., 262; Maxmilian v. Mayor, 62 N. Y., 160; Condeit v. Jersey City, 46 N. J. Law, 157; Steele v. Boston, 128 Mass., 583; Clark v. Waltham, 128 Mass., 567; Lincoln v. Boston, 148 Mass., 578; Hughes v. Monroe Co., 147 N. Y., 49; LaClef v. Concordia, 41 Kas. 323, s. c. 13 Am. St. Rep. 285; Curren v. Boston, 151 Mass., 505; Ulrich v. St. Louis, 112 Mo., 138; Mell v. Workman, 67 Fed. Rep., 347 (this case has been reversed by the Supreme Court, 179 U. S.); Kas. City v. Laymon, 57 Fed. Rep.; Hill v. Boston, 122 Mass. 244, s. c. 24 Am. Rep. 332; Benton v. Boston City Hospital, 140 Mass. 13, s. c. 54 Am. Rep. 436; Richmond v. Long, 17 Ratt. 375, s. c. 94 Am. Dec. 461, 464; Shadbourne v. Yube Co.,

21 Cal., 133; McDonald v. Mass. Hospital, 120 Mass. 432, s. c. 21 Am. Rep. 529; Perry v. The House of Refuge, 63 Md. 320, s. c. 52 Am. Rep. 495; Maria v. Eastern Hospital, 97 Va., 507; Maurtaugh v. St. Louis, 44 Mo., 479; Downs v. Harbor Hospital, 101 Mich., 555; Edgerly v. Concord, 59 N. H., 341; New Kiowa v. Craven, 46 Kas. 114, s. c. 26 Pac. 426; Ham v. Mayor, 70 N. Y., 459; Lane v. Woodberry, 58 Iowa, 462; Barbour v. Illsworth, 67 Me., 294; Burrell v. Augusta, 78 Me., 118; Overhoser v. National Home, 68 Ohio, 236; Fisher v. Boston, 104 Mass., 87; Macad v. New Haven, 40 Conn., 72; Ogg v. Lansing, 35 Iowa 496, s. c. 14 Am. Rep. 499; Calwell v. Waterbery, 74 Conn., 568; Corning v. Saginaw, 116 Mich., 74; Warax v. Cincinnati R. R. Co., 72 Fed. 637.

5. Every word of a statute must be given effect. (Broom's Legal Maxim, pp. 569, 583.)

6. Under section 242 of the Constitution of Kentucky, quasi corporations and municipal corporations have been held liable for damages to property. However, that section has no application to this case. (Henderson v. McClain, 102 Ky., 204; Paducah v. Allen, 111 Ky., 361; Laymon v. Beeler, 113 Ky., 221.)

7. Where a statute provides that a corporation can sue and be sued, even a governmental corporation can sue and be sued without any qualification or exception. Under that state of case governmental institutions are liable for the torts of their servants and agents. (Hauns v. Central Ky. Asylum, 103 Ky., 562; Herr v. The Asylum, 110 Ky., 283; Gross v. The Board of Managers, 106 Ky., 840; Herr v. Central Ky. Asylum, 97 Ky., 458; Henderson Co. Board of Health v. Ward, 107 Ky., 482; Bank of Hopkinsville v. The Western Ky. Asylum, 108 Ky., 358; Central Asylum v. Hauns., 23 Ky. Law Rep., 1081; Bassett v. Fish, 75 N. Y., 313.)

8. Even if the board of park commissioners is a charitable corporation under a statute, which says "and to meet the expenses of the board," the corporation can be held liable for torts of their servants and agents. (Thompson on Corporations, sections 6363-64-65, and authorities there cited; Workman v. Mayor, 179 U. S., 552.)

9. Parties running a steam roller on a highway are liable to the party injured if it frightens a horse and causes him to throw out the driver of a wagon to which he is attached, and injure him. (Sherman & Redfield on the Law of Negligence, section 355, 5th Ed.; 1 Tomp. Neg., section 1257; Stanley v. Davenport, 54 Iowa 463, s. c. 37 Am. Rep. 216; Watkins v. Redmon, 2 Frost & F., 269; Young v. New Haven, 39 Conn., 436; Mullen v. Village of Glen Falls, 42 N. Y. S., 113 Dill Mun. Corp., section 955; Paine v.

Rochester, 13 N. Y. Supp., 180; Turner v. Buchanan, 82 Ind., 147; Overson v. Grafton, 75 N. W., 676, N. Dakota.)

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Appellee brought suit against appellant to recover damages for injuries sustained by the negligence of its employes in the operation of a steam roller used by it. There is no dispute about the facts. The single question presented is whether or not appellant, in the absence of a statute imposing such liability, is responsible for the negligence of its employes.

The board of park commissioners are elected by the voters of the city to manage and control the public parks of the city, and have the right to contract and be contracted with, sue and be sued. The powers of the board are confined exclusively to the care and maintenance of the parks, and the duties incident thereto. The parks of the city are public places, established either by gift or purchase, and maintained by taxation. No gain or profit, either to the individual or the city, is derived from them. It is the contention of appellant that, in the absence of statutory authority, an action will not lie by an individual against a public corporation or body charged solely with the performance of public duties to recover damages for the personal misconduct or negligence of its agents or servants. Appellee's position is that the board of park commissioners being a mere adjunct of the city, created by statute for the purpose of performing duties that the city might exercise through other agencies, or in other ways, the city would be liable for the tort complained of, and so may an action be maintained against the board of

park commissioners who are vested with the authority to sue and be sued as an independent corporation. The question involved and kindred ones have been the subject of much discussion by courts and text-writers, and it is difficult to reconcile the adjudged cases or reach a satisfactory conclusion from the authorities that have treated of the subject; but we will endeavor to solve the problem presented by the application of a few principles that seem to be generally recognized as correct and that have been applied in more than one case by this court. In disposing of the case we will treat it as if the parks were managed and controlled by the city without the intervention of the subsidiary corporation styled the board of park commissioners, because, if the city would be liable, so would the board of park commissioners, as it is merely an agency of the city created by law to exercise supervision and control over the parks.

The property held in trust by the board of park commissioners for the use of the public generally is not the subject of taxation. This was expressly decided by this court in the case of City of Owensboro v. Commonwealth, 105 Ky. 344, 20 Ky. Law Rep. 1281, 49 S. W. 320, 44 L. R. A. 202, and that parks may be acquired by cities, and taxes imposed for their purchase and care, was decided in City of Lexington v. Kentucky Chautauqua Assembly, 114 Ky. 781, 24 Ky. Law Rep. 1568, 71 S. W. 943. It may therefore be regarded as settled in this jurisdiction that public parks, maintained and managed without corporate or individual gain or profit, are not only exempt from taxation, but may be created and maintained by taxation. Hence they are essentially public places established for purely public purposes. The right of the city to support public parks by taxation

is rested upon the ground that the municipal authorities are charged with the duty of maintaining the public health, and that parks where exercises and recreation can be indulged in, and pure and clean air breathed, contribute largely to the health of the community. Viewing the matter from this standpoint, the parks of the city occupy towards it and its inhabitants the same relation as do hospitals and other public institutions useful and necessary in the preservation of the health, safety, and morals of the people. And although there is conflict in the authorities, the decided weight of the adjudged cases favors the view that neither municipal corporations nor bodies such as appellant, when exercising exclusively public functons enjoined by law for the benefit of the general public, are liable to suit for the personal tort or negligence of an agent, servant, or employe. Some of these cases put the exemption upon the ground stated in Williamson v. Louisville Industrial School of Reform, 95 Ky. 251, 15 Ky. Law Rep. 629, 24 S. W. 1065, 23 L. R. A. 200, 44 Am. St. Rep. 243, where, in an action for tort by a person injured by one of its employes, the court said it was a charity, its purpose being the reformation and training of youths committed to its care, and as such it was an agency of the State exercising, although in a limited degree, governmental functions, and its funds could not be diverted from their intended beneficent purposes by judgments for damages, and this was approved in Leavell v. Western Ky. Asylum, 91 S. W. 671, 28 Ky. Law Rep. 1129, 4 L. R. A. (N. S.) 269. Other cases are rested upon the broader ground that public corporations are not responsible for the personal torts or negligence of their officers, agents, or employes committed in the exercise of acts or duties the

corporation is required to discharge, or while performing some service necessary to the fulfillment of its obligations to the public. And so, in Having v. City of Covington, 78 S. W. 431, 25 Ky. Law Rep. 1617, where it was sought to recover damages against the city for the wrongful acts of its agents in assaulting Having, who was afflicted with a contageous disease, and incarcerating him by violence and against his consent in a house that was totally unfit for human habitation, the court, in denying the right of recovery, said: "There are two general principles underlying the administration of government of municipal corporations. The one is that a muncipal corporation in the preservation of the peace, public health, maintenance of good order, and the enforcement of the laws for the safety of the public, possesses governmental functions and represents the State. The other is where the municipal corporation exercises those powers and privileges conferred for a private, local or merely corporate purpose, and peculiarly for the benefit of the corporation. Under the former, the city is not liable for the torts of its officers or agents; under the latter, it is." In Twyman v. Board of Council of City of Frankfort, 117 Ky. 518, 25 Ky. Law Rep. 1620, 78 S. W. 446, 64 L. R. A. 572, the court, in deciding adversely to the claims of Twyman, who sought a recovery on grounds similar to those stated in the Having case, supra, said: "So far as municipal corporations of any class and however incorporated exercise powers conferred upon them for purposes essentially public, purposes pertaining to the administration of general laws made to enforce the general policy of the State, they should be deemed agencies of the State, and not subject to suit for an act or omission occurring while in the

exercise of such power, unless by statute the action is given. In so far, however, as they exercise powers not of this character, voluntarily assumed powers intended for the private advantage and benefit of the locality and its inhabitants there seems to be no sufficient reason why they should be relieved from liability to suit and measure of actual damage to which an individual or private corporation exercising the same powers for purposes essentially private would be liable." The distinction recognized in the foregoing cases, and which was firmly established long before they were written, has been frequently applied by this court. Taylor v. City of Owensboro, 98 Ky. 271, 32 S. W. 948, 17 Ky. Law Rep. 856, 56 Am. St. Rep. 361; Dudley v. City of Flemingsburg, 115 Ky. 5, 24 Ky. Law Rep. 1804, 72 S. W. 327, 60 L. R. A. 575, 103 Am. St. Rep. 253; Bean v. City of Middlesboro, 57 S. W. 478, 22 Ky. Law Rep. 415; Pollock v. City of Louisville, 13 Bush 221, 26 Am. Rep. 260; Jolly v. Hawesville, 89 Ky. 279, 12 S. W. 313; Greenwood v. City of Louisville, 13 Bush 226, 26 Am. Rep. 263.

It is easy enough to formulate general principles like the one announced, and to declare in a general way that in one state of case there is liability, and in the other exemption; but it is often difficult to determine upon which side of the line an agreed state of acts will fall. This is because the line between powers exercised by the municipalities in their public capacity and for purposes pertaining to the preservation of the public health, safety, and morals, and those exercised for the convenience, advantage, and benefit of the city and its inhabitants, is often so narrow that the distinction between them cannot well be defined or supported by good reason. Numerous illus-

trations showing the narrow differences that courts have made in respect to the liability and nonliability of municipal corporations for the acts of their agents may be found in 20 American & English Encyclopædia of Law, pp. 1191-1210, where many cases are cited, containing these nice distinctions. But without extending this opinion in drawing from the cases decided by other courts or attempting to harmonize them, we think it may be considered as settled in this jurisdiction that, in the absence of a statute, an action will not lie against a municipality for the neglect of a public duty imposed upon it for the benefit of the public or for the personal negligence or tort of any of its officers or agents in the performance of such public duties. Applying this principle to the facts of the case before us, appellant cannot be held responsible for the tortuous or negligent acts of its employes. When the act complained of was committed they were performing duties imposed upon the board of park commissioners by law for the benefit of the public; and from the performance of which no private or corporate gain, profit, or advantage was derived.

With the possible exceptions of McGraw v. Marion, 98 Ky. 673, 17 Ky. Law Rep. 1254, 34 S. W. 18, 47 L. R. A. 593, in which it was held that the town was answerable in damages for the unlawful act of one of its police officers in arresting a person for a violation of a void ordinance, we have found no case holding a municipal corporation responsible for the acts of an officer in the performance of a public duty. On the contrary, the correct doctrine, as stated in Jolly v. City of Hawesville, 89 Ky. 279, 11 Ky. Law Rep. 477, 12 S. W. 313, is: ''The officers of a city are quasi civil officers of the government, although appointed

by the corporation. They are personally liable for malfeasance or nonfeasance in office, but for neither is the corporation responsible. Omissions of duty imposed upon them by law productive of prejudice to an individual is not a corporate injury. The duty of officers of a city are prescribed by statute from which they derive their power. The corporation appoints them to office, but does not in that act sanction their official delinquencies or render itself liable for their official misconduct." And so in Taylor v. City of Owensboro, 98 Ky. 271, 17 Ky. Law Rep. 856, 32 S. W. 948, 56 Am. St. Rep. 361, it was said: "A municipal corporation is not liable for the acts of its officers in enforcing the criminal or penal laws of the Commonwealth, or in enforcing the penal ordinances of the city." To the same effect is Bean v. City of Middlesboro, 57 S. W. 478, 22 Ky. Law Rep. 415. From a consideration of the cases mentioned, and those that follow, it will be observed that the court makes a distinction between personal or individual torts of negligence on the part of the agents or servants of these corporations committed when in the discharge of some public duty and injuries done to property rights, although likewise in the performance of public duties. Thus, in City of Paducah v. Allen, 111 Ky. 361, 23 Ky. Law Rep. 701, 63 S. W. 981, 98 Am. St. Rep. 422, Clayton v. City of Henderson, 103 Ky. 228, 20 Ky. Law Rep. 87, 44 S. W. 667, 44 L. R. A. 474, and others of a like character, the right to maintain an action against the city was rested upon the ground that the wrongs committed were in the nature of a nuisance and amounted to a taking of property within the meaning of section 242 of the Constitution. And so in Bank of Hopkinsville v. Western Kentucky Asylum, 108 Ky. 357, 21 Ky. Law

Rep. 1820, 56 S. W. 525, Hauns v. Kentucky Central Asylum, 103 Ky. 562, 20 Ky. Law Rep. 246, 45 S. W. 890, and Herr v. Central Lunatic Asylum, 97 Ky. 458, 17 Ky. Law Rep. 320, 30 S. W. 971, 28 L. R. A. 394, 53 Am. St. Rep. 414, the complaining parties, in order to protect their property rights, were granted the adequate relief. Another distinction is made when it comes to matters relating to contracts, as in Gross v. Kentucky Board of World's Fair Managers. 105 Ky. 840, 20 Ky. Law Rep. 1418, 49 S. W. 458, 43 L. R. A. 703, where an action for breach of contract was sustained upon the ground that all corporations vested with the right to sue and be sued, and contract and be contracted with, may bring and defend actions relating to contracts. The right to make contracts is essential to their existence, and as a necessary incident thereto they may sue and be sued concerning the contracts they have authority to make.

It has also been settled by numerous decisions that municipal corporations are liable for damages sustained by reason of defects or obstructions in the streets or highways, and for injury done to property by the negligence or improper construction of streets or highways. But, we will not further extend this opinion in the enumeration of instances pointing out when municipal or public corporations may be sued for torts or negligence, and when an action will not lie. From the cases written by this court, it may safely be said that in matters pertaining to the conduct of the charitable, reformatory, penal, and other public institutions, such as parks, supported by taxation, an action will not lie against the municipal or other corporation or body that manages and controls them, for the tort or neglgence of the agents or servants in their employment. Nor will a municipal cor-

poration be responsible for the misdoing of persons in charge of the police or fire departments of the city.

Wherefore the judgment is reversed, with directions to dismiss the petition.