ERNEST H. HALE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67105. Promulgated November 19, 1935.

*Loren A. Butts, Esq.*, for the petitioner.
*A. L. Murray, Esq.*, for the respondent.

OPINION.

ARNOLD: The respondent asserted a deficiency against petitioner for the calendar year 1930 in the amount of $6.75 and a penalty in the amount of $1.69 for delinquency in filing a return. The petitioner brings this proceeding for a redetermination of his tax liability for that year.

The petitioner is an individual, residing at 11351 Louisiana Avenue, Sawtelle, California. During the calendar year 1930, he was

employed by the city of Los Angeles, California, as director of one of its public municipal playgrounds known as the Sawtelle Playground. He received from the city as salary for his services the sum of $2,100. He received no other compensation during the year. He was not married.

Petitioner was employed in the Playground and Recreation Department, which is one of the departments of city government created by the charter of the city of Los Angeles. Other departments of the city government included Building and Safety, City Planning, Civil Service, Fire, Harbor, Health, Humane Treatment to Animals, Library, Municipal Art, Parks, Pensions, Police, Public Utilities and Transportation, Social Service, and Water and Power.

Section 191 of the city charter provides that " for the financial support of the Department of Playground and Recreation there is hereby appropriated an annual sum of not less than four cents (4c) on each one hundred dollars ($100.00) of assessed value of all real and personal property of the city as assessed for city taxes. Additional appropriations may be made from the general city funds. All money arising from either class of appropriations referred to, or received by the Department of Playground and Recreation from fees, sales, gifts or otherwise in connection with the operation of the department, shall be placed to the credit of the Department of Playground and Recreation in a fund to be known as the ' Playground and Recreation Fund '. No money in the Playground and Recreation Fund shall be used for any purpose other than the financial support of the Department of Playground and Recreation."

Petitioner was not employed for any definite period, but was under the civil service regulations of the city and could not be discharged without cause. He was selected for employment from the civil service rolls. There were approximately thirty-five playgrounds maintained by the city of Los Angeles in 1930 and petitioner was subject to transfer to any one of them at the discretion of the superintendent of the department.

The Playground and Recreation Department has control of the playgrounds in the municipal centers of the city, of certain mountain camps situated on Government property outside of the city, and of the operation of swimming pools and municipal bathing beaches. None of these activities is engaged in for profit. In the mountain camps fees are charged to cover the expenses of food, transportation, etc., but the camp outlay is furnished by the city of Los Angeles. At the swimming pools and bathing beaches a fee of five cents is charged for towels and bathing suits to cover the laundry expenses and the use of the bathing suits. During the year 1930, the Playground and Recreation Department derived income from these sources of approximately $125,000. During that year the operating

506

expenses were approximately $755,000. There was no swimming pool at the Sawtelle Playground in 1930. The playground was open to the public and no fees were charged.

The municipal playgrounds of the city of Los Angeles are equipped with athletic fields, baseball, football and soccer ball facilities, gymnasium and other athletic equipment, and facilities for handicraft work, club work, and children's playgrounds.

As director of the playground petitioner organized games for the children, supervised the play of both children and adults and in general maintained a program for the best interests of the community.

The sole question before us is whether the salary received by petitioner as director of the playground is exempt from Federal income tax. If petitioner was employed by the municipality in the performance of an essential governmental function of the state his compensation is exempt. If, however, he was employed by the city in the performance of a proprietary or quasi-private function the exemption must be denied.

The charter of the city of Los Angeles is what is known as a freeholder's charter, promulgated and adopted as provided by the "Municipal Affairs" amendment to the California Constitution in 1914. Under the constitution, as amended, the charter of Los Angeles is not only the organic law of the city, but it is also a law of the state within the constitutional limitation. *C. J. Kubach Co.* v. *McGuire,* 199 Cal. 215; 248 Pac. 676, and may not be abrogated by the legislature. Cf. *Ex parte Braun,* 141 Cal. 204; 74 Pac. 780; *City of Los Angeles* v. *Central Trust Co.,* 173 Cal. 323; 159 Pac. 1169; *Civic Center Assn.* v. *Railroad Commission of California,* 175 Cal. 441; 166 Pac. 351; *Ex parte Montgomery,* 163 Cal. 457; 125 Pac. 1070. The powers of the city in municipal affairs are strictly construed and limited to those set out in its charter under the constitutional grant. *Bank* v. *Bell,* 217 Pac. 538; *Storke* v. *City of Santa Barbara,* 244 Pac. 158. The exercise of such powers is superior to a general law of the state on that subject. *Keyes* v. *City and County of San Francisco,* 173 Pac. 475.

We think it definitely settled by the great weight of authority that the establishment and maintenance of public parks by a municipality is a public or governmental function. *Everett B. Sherman,* 27 B. T. A. 1169; affd., *Commissioner* v. *Sherman,* 69 Fed. (2d) 755. *Kellar* v. *City of Los Angeles,* 179 Cal. 605; 178 Pac. 505; *Williams* v. *City of Birmingham,* 121 S. R. 14; *Epstein* v. *City of New Haven,* 132 Atl. 467; *Petty* v. *City of Atlanta,* 148 S. E. 747; *Board of Park Commissioners* v. *Prinz,* 127 Ky. 460; 105 S. W. 948. So also the maintenance of a public bathing beach is held to be a public function. *Gensch* v. *City of Milwaukee,* 190 N. W. 843;

*Nemet v. City of Kenosha*, 172 N. W. 711. *Bolster v. City of Lawrence*, 225 Mass. 387; 114 N. E. 722.

The general duty of a city to preserve the public health of its citizens is governmental, *City and County of Denver* v. *Maurer*, 106 Pac. 875, and the right of the municipality to maintain such recreational facilities as public parks, bathing beaches and playgrounds rests on its duty to maintain public health. *Board of Park Commissioners* v. *Prinz, supra; Commissioner* v. *Sherman, supra.*

The care of the public health is, undoubtedly, a subject matter of general concern and how it shall be accomplished is a public question. When its accomplishment is left to the municipality it acts as a governmental agency and not in a proprietary capacity. *Scibilia* v. *Philadelphia*, 279 Pa. 549; 124 Atl. 273.

We think that in creating the Playground and Recreation Department of the city of Los Angeles, and providing for its financing through taxation, the city was exercising a power conferred upon it by the State of California essentially governmental in character and that the functions of this department are essentially public as distinguished from quasi-private or proprietary functions. The fact that small fees are charged at mountain camps and for towels and bathing suits to meet particular expenses incurred by individuals does not change its public character. Cf. *Kellar* v. *City of Los Angeles, supra; Bolster* v. *City of Lawrence, supra; James* v. *City of Charlotte*, 183 N. C. 630; 112 S. E. 423; *Scibilia* v. *Philadelphia, supra.*

*Decision will be entered for the petitioner.*