CASE 70.—ACTION BY S. J. SCHWALK'S ADMINISTRATOR
        AGAINST THE CITY OF LOUISVILLE.—December
        1, 1909.

## Schwalk's Adm'r v. City of Louisville

Appeal from Jefferson Circuit Court   (Common Pleas Branch, Second Division).

Thos R. Gordon, Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1.  Municipal Corporations—Liability for Negligence—Governmental Duties.—A municipal corporation in maintaining a city hall for the use of its officers and agents as a place for transacting its business performs a public and governmental duty, and is not liable for the negligence of its agents and servants in the transaction of such business.

2.  Taxation—Exemptions—Public Property Used for Public Purposes—City Hall.—Under Const. Sec. 170, which declares that public property used for public purposes shall be exempt from taxation, the city hall maintained by the city of Louisville, is exempt.

3.  Municipal Corporations—Liability for Negligence—Governmental Duties.—In exempting municipal corporations from liability for defects in its public buildings used for public purposes or governmental purposes, or the negligence of its employes in their care, the law places them on the same footing with the state and counties thereof as to buildings owned and used by them in aid of government.

4.  Municipal Corporations—Liability for Negligence—Governmental Duties—Exception to Rule.—That municipalities are liable for negligence in not keeeping their streets in repair affords an exception to the general rule exempting municipalities from liability for negligence in the performance of a public governmental duty imposed upon them for public benefit, and for which they in their corporate capacity derive no pecuniary profit.

5.  Municipal Corporations—Persons Employed in City Hall—
    Liability for Negligence—Respondeat Superior—"Public Offi-
    cers."—Persons employed in a city hall in managing and
    conducting the affairs of the municipality are public officers,
    charged with the performance of public duties; and the
    doctrine of respondeat superior does not apply to such em-
    ployments.
6.  Courts—Previous Decisions as Precedents.—The appellate
    court should be controlled by previous adjudications of the
    court on the same question.

BENNETT H. YOUNG and MARION W. RIPY for appellant.
No brief in the record.

HUSTON QUINN for appellees.

CLAYTON B. BLAKEY and ELMER C. UNDERWOOD of coun-
sel.

## POINTS AND AUTHORITIES.

1.  In the maintenance and care of its public building or City
Hall, the appellee, City, is an arm of the State, and performs
certain State duties, and can not be held liable for the negligence
of an operator of the elevator in its City Hall.  The same rule
applies here as to a Court House, or to the Police and Fire De-
partments, etc.

(a)  What is a municipal corporation?    State v. Levy Court
(Del.), 43 Atl., 522;  1 Blackstone's Commentaries, 112-116;  2
Kent's Commentaries, 275;  United States v. B. & O. R. R. Co.,
17 Wall. 322, 329;  Marking v. Queen County, 49 N. E., 71.

(b)  A municipal corporation as defined by the Ky. Court of
Appeals.  City of Louisville v. Commonwealth, 1 Duv., 295;  Tay-
lor v. Owensboro, 98 Ky., 271;  Lou. Bridge Co. v. City of Louis-
ville, 81 Ky., 189, 212.

(c)  General rule as to municipal liability.  Sherman & Redfield
on Negligence, Sec. 253;  Burdict's Law of Torts, page 109,
(Text.);  Bigby v. United States, 188 U. S., 400 (Federal Bldg.);
Simons v. Gregory, etc., 120 Ky., 116 (Jeff. Co. Court House.);
Cunningham v. St. Louis, 96 Mo., 53, 8. S. W., 787 (Court House.).

(d)  State institutions and purposes.  Taxation, Constitution,
Sec. 170; City of Louisville v. Commonwealth, 1 Duv. 195.  Schools:
Ernest v. West Covington, 16 Ky., 850.  Public Safety: Pollock's
Adm'r v. Louisville, 3 Bush, 221;  Greenwood v. Louisville, 13
Bush, 226;  O'Rourk v. Souix Falls (S. D.), 19 L. R. A., 789;  Wil-
cox v. Rochester, 190 N. Y., 131, 82 N. E., 1119.    City Court:

Constitution, Sec. 143; Kentucky Statutes, Secs. 2912, 2915, 2916, 2936, 2943. Health Department.

2.  The erection, care and maintenance of the City Hall of Louisville is within the exercise of a purely governmental function, and this being true, the appellee, City, can not be held liable for any acts of negligence on the part of its employes enagaged therein.

(a)  Organization. Constitution of Kentucky, Sec. 156; Kentucky Statutes, Sec. 2742.

(b)  Governmental division. Cyc. Vol. 28, p. 1257.

(c)  Application. Smith on Modern Law of Municipal Corporations, Sec. 157, etc.; Wright v. City of San Antonio (Texas), 50 S. W., 406; Dillon on Municipal Corporation, Sec. 30.

(d)  School buildings.    Ernest v. West Covington, 116 Ky., 850, etc. Clark v. Nicholasville, 27 Ky. Law Rep., 974; Dillon on Municipal Corporations, 965; Hill v. Boston, 122 Mass., 344.

(e)  Prisons. Jones v. Corbin, 98 S. W., 1002; Gray v. Griffin, 111 Ga., 361, 51 L. R. A., 131.

(f)  Bridges.  Corning v. Saginaw (Mich.), 40 L. R. A., 526 French v. Boston, 129 Mass., 592.

(g)  Hospitals.  City of Richmond v. Long's Adm'r, 17 Gratt., 378; Maxmilian v. New York, 62 N. Y., 164, 20 Am. Rep., 468.

(h)  Pesthouses.  Twyman's Adm'r v. Board of Councilmen of Frankfort, 78 S. W., 466; Having v. Covington, 78 S. W., 431.

(i)  Workhouses.  Ulrich v. City of St. Louis, 20 S. W., 466.

(j)  School of Reform.  Williamson v. Louisville Industrial School of Reform, 95 Ky., 251.

(k)  Parks.    Board of Park Commissioners v. Prinz, 32 Ky. Law Rep., 359, 105 S. W., 948.

(l)  Garbage.    Condict's Adm'r v. Jersey City, 46 N. J. Law, 157; Kuehn v. Milwaukee, 92 Wis., 263; 65 N. W., 1030.

(m)  City Hall.    Snider v. St. Paul, 51 Minn., 466, 53 S. W., 763; Wilcox v. Rochester, 82 N. E., 1119; Kelly v. Boston, 186 Mass. 165, 71 N. E., 299; Eastman v. Town of Meredith, 36 N. H., 284; Worden v. Town of New Bedford, 131 Mass., 23.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On August 30, 1906, Simon J. Schwalk lost his life while going to some part of the city hall in Louisville upon an elevator used in the building.   The city hall is owned by the appellee, city of Louisville, and practically the whole of the city's business is conducted within its walls.

The appellant, Columbia Finance & Trust Company, was appointed and duly qualified as administrator of Schwalk's estate, and on March 27, 1907, instituted this action in the court below to recover of the appellee city damages for his death; it being, in substance, alleged in the petition as finally amended that the death of its intestate was caused by the negligence of appellee, its agents, and servants in failing to maintain the elevator in a reasonably safe condition for use, and in permitting it to be operated by an inexperienced and incompetent negro boy. After the petition had been twice amended, the circuit court sustained a demurrer to it, and, appellant refusing to plead further, judgment was rendered dismissing the action. Appellant's dissatisfaction with that ruling and judgment resulted in this appeal.

The judgment of the circuit court is bottomed upon the theory that the duty of the city of Louisville to provide and maintain a city hall for the use of its officers and agents and as a place for transacting its business affairs is a public and governmental duty and obligation for the negligence of its agents and servants, in the performance of which the city is not liable in an action for damages. This court is fully committed to the doctrine thus announced. As said in Taylor v. Owensboro, 98 Ky. 271, 32 S. W. 948, 17 Ky. Law Rep. 856, 56 Am. St. Rep. 361: "Municipal governments are auxiliaries of the state government. They are created principally to aid in securing a proper government of the people within the boundaries of such municipalities, and to make more effectual the maintenance of public order." Louisville Bridge Co. v. City of Louisville, 81 Ky. 189; 5 R. 16; City of Louisville v. Commonwealth, 1 Duv. 295, 85 Am. Dec. 624.

The Constitution of the state gives full recognition to municipal corporations, and that they are to be treated as parts of the governmental machinery and necessary auxiliaries in carrying out the ends of government. Under section 170 of the Constitution, which declares that "public property used for public purposes" shall be exempt from taxation, it has been held by this court that waterworks, a park, public wharf, and even bonds owned by a city and applied exclusively to governmental or public uses cannot be subjected to taxation. City of Louisville v. Commonwealth, 1 Duv. 295, 85 Am. Dec. 624; City of Owensboro v. Commonwealth, 105 Ky. 344, 49 S. W. 320, 20 Ky. Law Rep. 1281, 44 L. R. A. 202; Board of Councilmen City of Frankfort v. Commonwealth, 94 S. W. 648, 29 Ky. Law Rep. 699; Commonwealth v. City of Covington, 128 Ky. 36, 107 S. W. 231, 32 Ky. Law Rep. 837, 14 L. R. A. (N. S.) 1214. Under the rule stated by the foregoing authorities, appellee's city hall is exempt from taxation. As the maintenance of a city hall for the use of the court, officers, and employes of a municipality, as well as for the transaction of its business, is but the exercise of a purely governmental function, it would seem to follow that the city cannot be held liable for acts of negligence on the part of its officers or agents engaged in its work or business therein.

The general rule on this subject is well stated in Burdick's law of Torts as follows: "Nonliability of City—There is a substantial agreement that it is not liable for the torts of its fire or police departments, nor for those of its boards of health or education; nor for those of any other officers, agents, or servants in the discharge of functions which primarily belong to

the state, but the performance of which it has delegated to the municipality. Neglect of officers in guarding prisoners, or in caring for jurymen, or in keeping courthouses, townhouses, jails, or other public buildings in repair, will not subject the corporation to legal liability. Nor will the negligence of an employe of a charity hospital render the city which main-tains it, liable to damages." The doctrine thus stated by Burdick has been applied by this court to relieve cities and towns of responsibility for the torts or negligence of their agents in the following cases: Twyman's Adm'r v. City of Frankfort, 117 Ky. 518, 78 S. W. 446, 25 Ky. Law Rep. 1620, 64 L. R. A. 572; Pollock's Adm'r v. City of Louisville, 13 Bush, 221, 26 Am. Rep. 260; Jolly's Adm'r v. Hawesville, 89 Ky. 279, 12 S. W. 313, 11 Ky. Law Rep. 477; Prather v. Lexington, 13 B. Mon. 559, 56 Am. Dec. 585; Having v. Covington, 78 S. W. 431, 25 Ky. Law Rep. 1617; Ernst v. Covington, 116 Ky. 850, 76 S. W. 1089, 25 Ky. Law Rep. 1027, 63 L. R. A. 652, 105 Am. St. Rep. 241; Clark v. Nicholasville, 87 S. W. 300, 27 Ky. Law Rep. 974; Jones v. City of Corbin, 98 S. W. 1002, 30 Ky. Law Rep. 374; Board Park Com'rs v. Prinz, 127 Ky. 460, 105 S. W. 948, 32 Ky. Law Rep. 359. And also held in the cases further cited to exempt state and city eleemosynary institutions from such liability. Leavell v. Western Ky. Asylum, 122 Ky. 213, 91 S. W. 671, 28 Ky. Law Rep. 1129, 4 L. R. A. (N. S.) 269; Williamson v. Industrial School of Reform, 95 Ky. 251, 24 S. W. 1065, 15 Ky. Law Rep. 629, 23 L. R. A. 200, 44 Am. St. Rep. 243.

In respect to such nonliability for defects in its public buildings, such as a city hall, prison, school-house, or other structure used for public or governmental

purposes, or the negligence of its employes in their care, cities seem to be placed by the law on the same footing with the state and the counties thereof as to buildings owned and used by them in aid of government; and in the recent case of Simon v. Gregory, 120 Ky. 116, 85 S. W. 751, 27 Ky. Law Rep. 509, it was held by this court that neither Jefferson county, the. county judge, members of its fiscal court, jailer, nor other of its county officers could be made liable in damages for injuries received by one through the fall of an elevator in the Jefferson county courthouse. According to the great weight of authority, cities and towns are not liable for negligence in the performance of a public, governmental duty imposed upon them for public benefit, and from which they in their corporate or proprietary capacity derive no pecuniary profit. However, the universally recognized liability of such municipalities for negligence is not keeping their streets in repair affords an exception to the general rule, which, as said in Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L. R. A. 151 (a case almost identical in point of fact with this): "We think the courts would do better to rest either upon special consideration of public policy or upon the doctrine of stare decisis than to attempt to find some strictly legal principle to justify the distinction. * * *"

It is, however, insisted for appellant that a municipality is charged with the performance of duties of a private and corporate character as well as those of a political or governmental nature, and that, as to the former, the municipality stands upon the same footing with a private corporation and may be held to the same responsibility with a private corporation for injuries resulting from its negligence. This is undoubtedly true, but unfortunately for this contention in

maintaining a city hall appellee does not act in its capacity as a private corporation, but, as we have attempted to show, in the performance of a purely· governmental function, because of which no liability resulted to it from the death of appellant's intestate. If it could be demonstrated by allegation and proof that the building in which the intestate met his death is maintained by appellee merely as an investment for profit, expected to be realized by its sale or in the way of rents from private persons occupying it as tenants, or it were devoted to any other use for which appellee charged and received remuneration, manifestly appellant's contention that, with respect to its liability for the death of the intestate, appellee should be regarded as on the footing of a private corporation, would be sound.

But appellee has not put the building in question to such a use as any of those mentioned, but, on the contrary, erected, and has always used it, as and for a city hall, within and from which to manage and conduct the affairs and business of the municipality. It is, in brief, a building wholly devoted to public and governmental uses. This being true, we deem it our duty to adhere to the doctrine announced by past deliverances of this court, that a municipal corporation is not amenable to actions for negligence in the performance of public duties incident to the exercise of its governmental functions; that persons employed in the performance of such duties by the municipal corporation act as public officers, charged with a public service, and, being mere agencies or instruments by which such public duties are performed, that the doctrine of respondeat superior does not apply to such employments. To hold otherwise and impose upon

the municipality responsibility for the negligence of such employes would indirectly fasten upon it a liability from which it is by law or consideration of public policy exempt.

We will not enter upon a discussion of the authorities from the courts of other states relied on in argument by counsel in support of their respective contentions, as we should be and are controlled in the conclusions we have reached by this court's several previous adjudications of the questions herein involved. Being of opinion that the law exonerates appellee from responsibility for the death of appellant's intestate, the judgment is affirmed.

Nunn, C. J., dissenting.