RING, Respondent, v. CITY OF MITCHELL, Appellant.

(263 N. W. 893.)

(File No. 7821. Opinion filed December 31, 1935.)

*C. S. Whiting, C. L. Morgan,* and *Donald O. Nicolls,* all of Mitchell, for Appellant.

*Fellows, Fellows & Tinan,* of Mitchell, for Respondent.

WARREN, P.J. ■ Plaintiff instituted an action against the defendant, a municipal corporation, existing under the laws of this state. It appears from the complaint that the defendant owns and maintains a building known as the city hall; that there is contained in said building various city offices and departments, together with a public auditorium which is occasionally rented for profit. The defendant equipped and maintains in the basement floor of said city hall building a public toilet or rest room for women, open to the public without charge and which the public by means of signs placed in front of said building and elsewhere, is invited to use.

The entrance to said basement and public toilet is provided by means of a short flight of stone steps leading from the front and main entrance hall of said building to the basement floor. Said stone steps have been in place for some thirty years. That by reason of the long constant use and wear, the said steps had become badly worn, hollowed out, and pitted so that the same presented a slippery, polished, and uneven surface and that the treads thereof presented slanting surfaces which provided dangerous and uncertain footholds for persons using the same and that said stairs on the day, June 15, 1934 (she sustained her injury), and for a long time prior thereto, constituted a nuisance, and a menace to the safety of the people using the same.

Plaintiff further pleads that the city had full knowledge and notice of the dangerous and unsafe condition of said steps and that they failed and neglected to repair and replace the same. The

complaint further discloses that plaintiff was a stranger to the premises and entered said premises on June 15, 1934, fell, and was injured. The defenant demurred to the complaint upon the ground and for the reason that the complaint does not state facts sufficient to constitute a cause of action against the defendant. The issues were presented to the circuit court and upon hearing thereof the demurrer was overruled. The defendant has appealed.

Appellant strongly urges that it is not liable for torts committed in the performance of duties arbitrarily imposed by the Legislature; that the maintenance and operation of the city hall is governmental in its nature and is therefore exempt from liability.

Much has been written on the subject as to the liability and governmental immunity of cities, and it is therefore quite difficult to reconcile the authorities. It seems, however, that we can all agree with the statement of the author of the annotation in 75 A. L. R. 1196: "On no subject, perhaps, is there more confusion among the decisions than that of municipal liability for torts. The rule of governmental immunity is subject to a great number of exceptions, many of which are purely arbitrary and without any relation to the grounds upon which the courts please to base the general rule. The whole doctrine of governmental immunity from liability for torts rests upon a rotten foundation." For governmental liability in tort, see 34 Yale Law Journal 1, 129, 229, and 258, 36 Yale Law Journal 1, and annotation 64 A. L. R. 1545-1550.

The view that a municipality is not liable for injuries due to defective conditions of a city hall used exclusively for governmental functions is sustained by the following decisions: Snider v. City of St. Paul, 51 Minn. 466, 53 N. W. 763, 18 L. R. A. 151; Kelley v. Boston, 186 Mass. 165, 71 N. E. 299, 66 L. R. A. 429; Schwalk's Adm'r v. Louisville, 135 Ky. 570, 122 S. W. 860, 25 L. R. A. (N. S.) 88. It has also been held that a city may derive some incidental gain and advantage from the use of the building which would not make the city liable. Curran v. Boston, 151 Mass. 505, 24 N. E. 781, 8 L. R. A. 243, 21 Am. St. Rep. 465. On the other hand, if a city hall is used primarily for offices of city employees conducting a municipal light plant or other utility for gain, the immunity does not apply. A perusal of the complaint

fails to disclose the facts sufficiently so that this court can ascertain whether or not the use of the building was governmental or corporate. It is therefore obvious that the questions leveled at the complaint by the demurrer cannot on this appeal be decided.

Counsel for appellant city argues at length that a city is not liable for the negligent performance of a public duty imposed by the Legislature. Section 6575, Rev. Code 1919, which requires cities of a certain population to provide and maintain toilet stations is cited.

Whether or not a city would be liable for negligence in the maintenance of toilets constructed in compliance with a statutory requirement cannot be determined upon this appeal as it does not appear from the complaint that the toilet in question was constructed under supervision of the board of health and in compliance with the statute. It may be that the facts will disclose that the toilets were provided as a part of the building and not for the general use of the public and to conform with the statutory requirements.

For the reasons stated, it is our view that the complaint states a cause of action and that the order appealed from should be and is hereby affirmed.

All the Judges concur.