On September 30, 1939, plaintiff, who was an employee of the Tri-State Transit Company, on the occasion of the opening of the new bus station of said company located on South Broadway Street in the City of Minden, while walking from the sidewalk toward the curb, for the purpose of entering *Page 151 
a car parked at the curb, stepped upon the cast iron top of a water meter box. The meter and box had been installed and were maintained by the City of Minden, a municipal corporation of Webster Parish, Louisiana, incidental to its ownership and operation of a light and water plant, and which City is made defendant in its capacity as the operator of a public utility for profit, which status is admitted.
Plaintiff claimed that the top of the meter box in question turned or slipped as she stepped upon it, precipitating her left leg into the opening and causing injuries to the leg, and particularly the knee, which are alleged to be serious and permanent, and for which injuries she brings this suit seeking damages.
The site of the accident immediately adjoins the bus station, and the meter box in question is located on the neutral strip of ground between the sidewalk and the curb of the street in front of the property of Mrs. W.B. Wiley.
This case has been before this Court on plaintiff's appeal from a judgment sustaining exceptions of no cause and no right of action. Such judgment was reversed, the exceptions overruled, and the case remanded for trial on its merits. Waggoner v. City of Minden, La.App., 9 So.2d 244, 245.
In passing upon the exceptions, after considering the significant allegations of plaintiff's petition, Judge Hamiter stated in the opinion of the Court:
"The aforesaid allegations of fact of the petition, it seems to us, picture a veritable and dangerous trap, maintained by the City of Minden with its knowledge, that was located in close proximity to the much patronized bus station and which claimed plaintiff as its victim. Of course, the question of whether or not those allegations can be substantiated by competent proof is one with which we are not now concerned, the case being presently before us only on the exceptions mentioned."
Recapitulating the points upon which plaintiff's case must rest in order to establish liability on the part of the City of Minden, we find that plaintiff's petition alleges that the meter box placed on the neutral ground between the sidewalk and curb of the street was a menace to the public, to the full knowledge of the employees of the City of Minden and of the City Light and Water Department; that the location was dangerous and constituted a public menace; that the defendant was cognizant of such menace and the dangerous character of the meter box; that the location and type of construction of the meter box was a public hazard and a trap of which the City had full knowledge; that plaintiff, stepping upon the top of the meter box, relied, and had a right to rely, on the fact that the said top would not turn under her weight, causing her to fall; that the meter box top, to the knowledge of defendant, was defectively constructed; that numerous other persons had suffered similar accidents prior to the accident complained of; that the top of the meter box was not securely fastened, and had been left insecurely fastened by the employees of the City of Minden; that plaintiff was extremely careful in stepping on the top of the meter box, believing and relying in its safety; that the meter box top rested on a narrow shoulder about a half inch in width on the inside of the box; that grass had grown around the top of the meter box, and dirt and foreign matter had so collected as to cause the top to be unsafe and insecure; that the shoulder of the meter box was broken and worn; that the space surrounding the location of the box in close proximity to the bus station was much used by pedestrians.
From the above allegations plaintiff draws her conclusions of gross carelessness and negligence on the part of the defendant, City of Minden, summarizing the same as follows:
"First, in placing said box and meter in the position thereof; second, in not securing and fastening the top thereon; third, in using the type meter and meter box which was dangerous and constituted a hazard to the public; fourth, in not properly securing or covering the said meter box to where the public would not be injured thereby; fifth, in not removing the box after erection of said bus station."
The question before this Court is whether the allegations of plaintiff's petition have been proved to such degree as to establish the negligence and liability of the defendant. The trial Court found that plaintiff had not made out her case and had not proven the necessary facts which would have resulted in the establishment of liability on the part of the defendant. After careful examination of the record, we have arrived at the same conclusion. *Page 152 
It is established that the identical meter box and top had been in the same location for a number of years prior to the accident, and there is nothing in the record to indicate, even by inference, that there had ever occurred any accident, nor that there had ever been any complaint with regard to a defective condition of the box which had served to place the City of Minden on guard as to the danger thereof. There is not the slightest showing that the City, its agents or employees, were aware of any defect constituting a danger, menace or hazard to the public.
While it is true that there is an obligation on the part of municipalities to refrain from any construction upon, or use of, the neutral space between a sidewalk and a curb which may be hazardous or dangerous to the public, there is, nevertheless, a right in them to use such space for public utility installations, light poles, meter boxes, etc. Therefore, there can be no liability per se arising from the installation and maintenance of a meter box by a municipality in its proprietary capacity in connection with the operation of a municipal water plant.
Plaintiff's right to recover must rest upon proof of the existence of defects and dangers arising from the municipality's use of the neutral ground, which defects and dangers were known, or should have been known, to the municipality. The evidence offered by plaintiff in the case before us does not meet this requirement. Plaintiff has utterly failed to establish any circumstances or facts which would prove the City guilty of negligence, either actual or constructive. Indeed, the plaintiff has not shown the exercise of due care on her own part. While it is true that her petition alleges that she relied upon the safety of the meter box top upon which she stepped, and that she saw the same before entrusting her weight upon it, her own testimony is plainly to the effect that she did not look where she stepped after leaving the sidewalk in crossing the neutral space to the curb, and that she did not see the meter box before stepping upon its top.
Plaintiff has failed to make out her case, and the judgment appealed from is affirmed at appellant's cost.
DREW, J., recused. *Page 210