134 So.2d 582 (1961)
Mable COOK et vir, Plaintiffs-Appellees,
v.
CITY OF SHREVEPORT, Defendant-Appellant.
No. 9545.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1961.
Rehearing Denied November 22, 1961.
Certiorari Denied January 15, 1962.
*583 J. N. Marcentel, James J. Dormer, Loret Ross and J. Bennett Johnston, Jr., Shreveport, for appellant.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellees.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
Plaintiffs, husband and wife, brought this suit against the City of Shreveport for damages allegedly sustained by Mrs. Cook when she tripped over a stake which had been driven in the pathway of her yard by members of a municipal surveying crew engaged in widening and improving Grigsby Street within the city. The City filed an exception of no cause or right of action on the theory of governmental immunity and the same was overruled in the lower court. After which, an answer in the form of a general denial and special plea of contributory negligence was filed, and the case was tried resulting in a judgment in favor of plaintiff, Mrs. Cook, in the sum of $250 for personal injuries, and in favor of Mr. Cook in the sum of $333 for medical expenses incurred in connection with his wife's injuries. From this judgment, the defendant has appealed and is again asserting its plea of governmental immunity as tendered under the exception. The appellant also contends the lower court was in error in assessing the entire costs of the proceedings against a municipality contrary to LSA-R.S. 13:4521. Both plaintiffs have answered the appeal asking for an increase in the awards.
The basic facts are simple and essentially uncontroverted and which we will briefly state. On February 18, 1959, employees of the City of Shreveport were engaged in surveying Grigsby Street as a first stage of widening same and constructing sidewalks adjacent thereto. This proposed street encroached upon property possessed by the plaintiffs, and it was necessary for the surveyors to open the gate of a fence enclosing the property in order to drive the stakes delineating the boundary of the proposed construction. One such stake was driven in the ground directly behind the *584 gate on a straight line between the center of the gate and the front step of plaintiffs' home. This stake, which protruded some 12 inches from the ground, was placed within a clearly visible footpath leading from the center of the gate to the front steps of the plaintiffs' home. Because of repeated use, this path had become evident as a pedestrian passageway across plaintiffs' lawn. Mrs. Cook was walking to her home after having done some shopping, and was rather heavily burdened with bags of groceries. While so laden, she opened the right side of the gate, stepped inside, turned the latch to the gate, and stepped back to walk into the house when she tripped over the stake and fell to the ground. As a result of her fall, she complains of injuries to her hip and back.
It appears that the most important issue presented by this appeal relates to the legal question tendered under the exception of no cause or right of action predicated upon the well-recognized general rule of sovereign immunity of municipalities from actions in tort resulting from negligence in the exercise of governmental functions. There can be no question as to the fact that a municipality in the process of construction or the repair and maintenance of streets is engaged in a necessary and appropriate governmental function. The general principle of governmental immunity as it relates to a municipality has been justified by our jurisprudence from the fact that when such a city exercises purely governmental functions, it is simply discharging duties which inure primarily to the state. Under such circumstances, it is an agent of the state, the representative of sovereignty, and is immune from liability for damages caused by its own servants or employees. Rome v. London & Lancashire Indemnity Company of America, 181 La. 30, 160 So. 121 (1935); Clinton v. City of West Monroe, (La.App. 2 Cir., 1939) 187 So. 561.
There is an exception to the above general rule of sovereign immunity which has been equally well established by our jurisprudence to the effect that a municipality may be held in damages for personal injuries resulting from its failure to keep its streets and sidewalks in a reasonable and safe condition for their intended use. In this connection, we quote the following from Howard v. City of New Orleans, 159 La. 443, 105 So. 443, 444 (1925):
"The rulings in these cases are correct. They are in accordance with what may be said to be the universally recognized principle that a municipality is liable for negligence in failing to keep its streets and sidewalks in repair, or in reasonably safe condition for travel. While the duty of a municipality to keep its streets and sidewalks in safe condition may be said to be a governmental duty, yet the rule that makes it liable for negligence in failing to exercise the governmental function of keeping them in repair is an exception to the rule above stated, to the effect that a municipality is not liable in damages for failure to exercise a governmental function, intrusted to it, or for the negligence of its agents in exercising it, and, being an exception to the rule, necessarily does not overthrow the rule. Schwalk['s Adm'r] v. City of Louisville, 135 Ky. 570, 122 S.W. 860, 25 L.R.A. (N.S.) 88; Snider v. City of St. Paul, 51 Minn. 466, 53 N.W. 763, 18 L.R.A. 151."
In the case of injuries to pedestrians using such streets or sidewalks, our jurisprudence has established the rule that in order to hold a municipality responsible for such injuries, it must be shown: First, that the defect or dangerous condition was patent or obviously dangerous to a reasonably careful and prudent person; and, second, that the municipality had notice of the existence of the dangerous condition, and had failed within a reasonable time to correct same. In other words, the dangerous condition must have existed for such length of time and under conditions so as to warrant *585 a conclusion that the municipality was negligent in failing to correct it.
Therefore, if the injuries in the present case had occurred on a street or sidewalk, the exception filed by the defendant based on governmental immunity would clearly have no merit. However, the solution to the instant case is not this simple because the accident occurred when Mrs. Cook stumbled over a stake which had been driven in the ground in order to delineate the boundary of a proposed street. From a reading of the record, it is clear to us that the agents and employees of the city placed the stake in question on property belonging to the city, which, when the construction was completed, would become a part of the city street system; and that said stake was placed directly in a known path which led from such street to plaintiffs' home. Under these circumstances, it is necessary for us to decide, under the defendant's exception, whether the city is immune from liability under the general governmental immunity rules or whether this injury comes within the exception of injuries occurring on streets and sidewalks.
After giving this matter careful consideration, and having made an effort to digest all of the jurisprudence on this subject, we have concluded that the injuries complained of fall within the exception. The rule of sovereign immunity of municipalities is purely and exclusively jurisprudential and all of the exceptions recognized thereto are also exclusively the handiwork of the Courts. For example, in the case of Haindel v. Sewerage & Water Board, (Orl.App.1959) 115 So.2d 871, 876, the court concluded that a person injured by tripping over a broken water meter located between the sidewalk and the street came within the street and sidewalk exception and stated:
"`* * * that the water meter is about eighteen inches away from the sidewalknear enough to the sidewalk to be a part of the sidewalk for the intent and purpose of plaintiff at the time of the occurrence. Therefore, the court believes that the law relative to sidewalks applies in this case, in the absence of any authority in which the facts are similar to this matter.'"
It is also to be noted in Clinton v. City of West Monroe, supra, the court allowed recovery under the exception for injuries suffered by the occupants of a car which plunged into a drainage ditch adjacent to the road. The ditch was a part of the city's drainage system, but was not a part of the road proper.
Another case which is worthy of consideration on the point is Waggoner v. City of Minden, et al., (La.App. 2 Cir., 1942) 9 So.2d 244, and (La.App. 2 Cir., 1943) 16 So.2d 150. This case came before us first on an exception of no cause or right of action based on the municipality's plea of governmental immunity and was remanded for a trial on the merits. On the second appeal, we affirmed the lower court and absolved the city from liability because of a failure to show any actionable negligence. The hazardous object complained of was a meter box which was located on the neutral ground between the sidewalk and street, and we concluded that any injury resulting therefrom came within the exception to the general rule of governmental immunity.
It is our opinion that the cases discussed above are indicative of our jurisprudence that the exception to the general rule of governmental immunity which has been commonly referred to as the "street and sidewalk" exception was never intended to be so narrowly construed as to mean a public way which had been technically or legally designated as such. To the contrary, we believe the exception applies to any such property which is either owned or under the control of such municipality and which is being used as a street or sidewalk to the knowledge of the public body. Under such circumstances it would not matter whether such passageway had technically been designated as a street or a sidewalk, because it had become such by its use, and to the knowledge of the municipality.
*586 As the above enunciations apply to the instant case, we have no difficulty in arriving at the conclusion that Mrs. Cook was injured while traversing property which was owned by the defendant; and that, at the time the city employees placed the stake in a known and visible pathway leading to the plaintiffs' house, it should have been clear to them that they were obstructing a passageway for pedestrian traffic. Under these circumstances, we conclude the plaintiff's injuries occurred on property belonging to the defendant which was being used as a passageway for pedestrians, to the knowledge of the municipality, and falls within the exception to the general rule of governmental immunity.
Having concluded that the exception of no cause or right of action was properly overruled by the lower court, we now give consideration to the aspects of liability as it relates to the negligence of the defendant.
The evidence convinces us that the surveying crew either knew, or should have known, that the stake was placed directly in the path of a well worn and much used passageway for pedestrians. A member of the surveying crew testified that it was not necessary to place the stake at the exact location where same was driven and, therefore, placing it in the passageway was inexcusable. Under these circumstances, it was reasonable for the city employees to anticipate the occurrence of the accident complained of and this action constituted actionable negligence.
Under the defendant's alternative plea of contributory negligence, we must give consideration to the effect of Mrs. Cook's failure to observe the stake which was protruding approximately 12 inches above the ground directly in her path. Contributory negligence is a special plea which imposes upon the defendant the necessity of showing the plaintiff's fault by a preponderance of proof. Of course, in cases of this kind, it is practically impossible for the city to show, except from the plaintiff's own testimony, that she did not exercise ordinary care and caution; and in such cases where it appears obvious from the position of the hazard that the plaintiff should and could have been aware of it, recovery will be denied. Here, however, Mrs. Cook has explained to our satisfaction her failure to observe the protruding stake in her path. As previously stated, she was laden with bags of groceries, and having had no knowledge of the stake being driven beyond the fence and in her yard, she had no reason to be keeping her eyes focused on the ground and directly beneath her. We, therefore, find no merit in the defendant's plea of contributory negligence.
We now pass to that portion of the judgment relating to the quantum of both awards. According to the medical and lay testimony, Mrs. Cook received a very mild form of back strain. While no written reasons were assigned by the trial judge, he undoubtedly concluded the plaintiff was not seriously injured and was grossly exaggerating her complaints. In any event, our review of the record leads us to this conclusion, and under these circumstances, we see no reason to disturb the nominal award of $250 to Mrs. Cook for her personal injuries. As has been stated so many times by our courts, each award in these cases must be determined from the peculiar facts of the individual case; and unless the Appellate Court finds manifest error to have been committed by the trial court, same will not be disturbed.
Plaintiffs and defendant also voice some dissatisfaction over the award in favor of Mr. Cook in the sum of $333 which represented $200 for loss of wages, and $133 for medical expenses. By way of an answer to the appeal, plaintiff-husband requests an additional $200 for certain drug bills. The trial court apparently disallowed this claim because the corroborating evidence was unsatisfactory. Our review of the record likewise convinces us that this additional claim was not supported by sufficient *587 evidence. Otherwise we find the award in favor of Mr. Cook to be proper.
The appellant complains that the portion of the judgment assessing the entire costs against the City of Shreveport was invalid under the express provisions of LSA-R.S. 13:4521. There is merit in this contention as the statute clearly states such a public body shall not be required to pay court costs in any judicial proceeding with the exception of the stenographer's cost for taking testimony, and to this extent the judgment below should be amended.
For the reasons stated, the judgment is affirmed at defendant-appellant's costs, except the liability of the defendant, City of Shreveport, as to the costs, is limited to the payment of the stenographer for the taking of testimony.
Amended and affirmed.
GLADNEY, Judge (dissenting).
I respectfully dissent from the majority of this court which holds the instant case lies within the so-called "sidewalk exception" to the municipal immunity rule. The principle involved is that a city may be held liable in damages for a defect complained of in a sidewalk which may be dangerous or calculated to cause injury; and defects that are not in the nature of traps or from which danger cannot be reasonably anticipated provide no actionable negligence.
A municipality is not an insurer of the safety of pedestrians, but must keep sidewalks reasonably safe although maintaining them in perfect condition is not necessary. These principles have evolved from numerous cases, a number of which are cited in White v. City of Alexandria, 216 La. 308, 43 So.2d 618 (1949), in which Justice Hamiter summarizes their several holdings.
In the case of Aucoin et al. v. City of Baton Rouge, La.App., 171 So. 412, (1st Cir. 1936), the court specifically held that the City's duty extended only to keep its sidewalks in a reasonably safe condition for pedestrians using the streets, and it was not required to maintain the neutral ground for the convenience or use of pedestrians. This ruling, however, has been broadened so as to embrace liability resulting from dangerous defects or conditions in close proximity to the sidewalk that constitute a hazard to pedestrians and users of the sidewalk.
Thus, in Waggoner v. City of Minden et al., La.App., 9 So.2d 244 (2d Cir.1942), Judge Hamiter as the organ of this court, held that the sidewalk exception rule was applicable when plaintiff proceeded across the sidewalk and neutral strip in order to enter her automobile, and just as she was in the act of stepping into her car she stepped on the metal top of the water meter box, which slipped and permitted plaintiff's leg to go into a hole, thereby causing the injuries of which complained. It was found that a trap was created closely connected with the use of the sidewalk and street. Likewise in Haindel v. Sewerage & Water Board, 115 So.2d 871 (Orl. Cir. 1959), liability was maintained where a similar injury occurred from a meter box which was located not on the paved portion of the sidewalk, but about two feet from it towards the street. The court reiterated its belief that liability for damages caused by defective streets and sidewalks does not extend to places in the neutral ground or other similar locations where pedestrians may not be expected to congregate or walk. In White v. City of Alexandria, supra, the court said that the test usually applied as to whether the municipality shall be held responsible to a pedestrian for a dangerous defect in the sidewalk "requires an answer to the question of whether or not the [side]-walk was maintained in a reasonable safe condition for persons exercising ordinary care and prudence. * * * Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. * * * " Emphasis supplied. [216 La. 308, 43 So.2d 620.]
In the instant case Mrs. Cook alleges she fell over a stake which was negligently *588 placed by a city employee within a fenced area of the city's street right-of-way, which has been enclosed by plaintiffs. The area was not open to the public and Mrs. Cook had to open a gate in order to reach her house. The location of the stake, therefore, was away from the passage way that would reasonably be expected to accommodate users of the streets and sidewalks. The application of the sidewalk exception rule would, in my opinion, be unreasonably extended.