BOLIN, Judge.
Plaintiffs, husband and wife, sue the City of Shreveport and its insurer for damages resulting from personal injuries received by Mrs.' Parkerson when she stepped on an allegedly faulty water meter owned by the municipality. From judgment rejecting plaintiffs’ demands they appeal.
The City of Shreveport maintains a water distribution system serving the residents of the city. The municipality determines the amount of water used by its customers by means of meters housed in recessed boxes. The water meter box allegedly causing the injuries was located on a twenty-four inch neutral ground between the sidewalk and the curbing of the street directly in front of a residence. The housing was covered with an iron lid fitted into a groove which, when in proper condition and in place, would permit a person to walk or step upon it in safety.
On the evening of August 25, 1962, Mrs. Parkerson alleged she drove an automobile, owned by the marital community, to the residence serviced by the meter in question. She further alleged she parked her vehicle next to the curb, got out of her car and walked around the front of the automobile to the side where she opened the door to lift a suitcase from the rear of her car. She contends that as she turned to walk across the neutral ground she stepped upon the meter lid which slipped causing her to fall into the hole of the housing resulting in the injuries forming the basis of this litigation.
Plaintiffs predicate their cause of action upon their contention that the meter covering was “chipped” and in such defective condition that it did not properly fit into the groove and therefore would not hold the weight of a person who stepped upon it. They also contend the grooved portion was filled with sediment and grass which acted as an additional impediment to the proper fitting of the lid. Plaintiffs maintain the defective condition of the lid coupled with the growth of grass and sediment created a “trap”, knowledge of whch the city either had or by reasonable diligence should have had prior to the alleged accident
Only questions of fact are presented which may be thus generally stated: (1) *214 Did plaintiffs' prove by a preponderance of evidence that Mrs. Parkerson’s injuries were caused by a defect in the meter box lid? (2) If the first question is resolved in the affirmative, did plaintiffs show the city had prior knowledge, actual or constructive, of the alleged defect?
Plaintiffs’ right to recover must rest upon proof of the existence of defects and dangers arising from the municipality’s use of the neutral ground in question, which defects and dangers were known or should have been known to the city. See Louisiana Civil Code Articles 2315, et seq; Waggoner v. City of Minden (La.App., 2 Cir., 1943) 16 So.2d 150; Haindel v. Sewerage & Water Board (Orl.App., 1959) 115 So.2d 871; Cook v. City of Shreveport (La.App., 2 Cir., 1961) 134 So.2d 582.
We find the testimony to be in irreconcilable conflict. Plaintiffs rely principally upon the testimony of Mrs. Parkerson and an attorney of Bossier City who initially represented her in the lawsuit. Mrs. Park-erson testified the water meter covering was chipped and defective and as she placed her weight on the lid it slipped, causing her foot to fall into the housing resulting in the injuries. The attorney testified he visited the scene very soon after the accident; that the meter covering was defective and when he placed his weight on it that it would slip from under him.
Opposed to this testimony was that of several employees of the city, one of whom stated he read the meter approximately three weeks before the accident and found it in good condition. Pie further stated if it had not been in good condition he would have noted any defect on his report and it would have been corrected. Another employee of the city testified he was notified of the accident by Mrs. Parkerson about two days after she alleged she was injured; that he immediately went to the scene and checked the meter box and found it to be in perfect condition.
Although the trial judge did not assign written reasons for rejecting plaintiffs’ demands, it is evident he was convinced plaintiffs had not established their case by the preponderance of proof required under our law and jurisprudence. From our review of the record we are-convinced plaintiffs have failed to bear the burden of proving the meter box or lid was defective and therefore have failed to establish actionable fault or negligence on the part of the City of Shreveport.
Having so decided it is unnecessary to-discuss the second question, i. e., whether the city had either actual or constructive-notice of the alleged fault.
For the reasons assigned the judgment appealed from is affirmed at appellants’’ cost.
Affirmed.