LOTTINGER, Judge.
This is a suit filed by Myrtle Goodman Arvel against the City of Baton Rouge, the Parish of East Baton Rouge, and T. Joe Calloway for injuries received in a fall on a sidewalk running north from Iroquois Street to a house owned by Calloway. The City of Baton Rouge filed a peremptory exception of no cause or right of action grounded on the proposition that the Plan of Government for the City of Baton Rouge and the Parish of East Baton Rouge established a single Department of Public Works of the Parish of East Baton Rouge, and therefore, the City of Baton Rouge had no responsibility in the alleged action set forth in the plaintiff’s petition. This exception was sustained by the Trial Court, and the plaintiff-appellant does not question the sustaining of this exception. The Trial Court granted a motion for summary judgment in favor of the Parish of East Baton Rouge, dismissing plaintiff’s suit against the Parish of East Baton Rouge, and it is from this judgment that the plaintiff-appellant has perfected this appeal.
The plaintiff-appellant alleges in her petition that on or about October 30, 1967, while visiting the occupant of the premises at 3039 Iroquois Street, Baton Rouge, Louisiana, which premises are owned by the defendant, T. Joe Calloway, and rented to Mr. and Mrs. Richard L. Freneaux, the plaintiff fell on the sidewalk going from Iroquois Street to the residence. It is further alleged that the sidewalk was broken and sunken, and the plaintiff fell at a point approximately two feet from Iroquois Street. In her brief before this Court, plaintiff-appellant admits that it is not contended by her that this sidewalk was constructed by the City or the Parish. Plaintiff-appellant further contends that it must be assumed that the accident did in fact occur on the right-of-way belonging to the Parish of East Baton Rouge.
The question therefore presented to this Court is whether a governmental body is liable for injuries sustained as a result of a defective sidewalk located on a public right-of-way, but not constructed by or at the request of the governmental body ?
For there to be liability on the part of the Parish of East Baton Rouge, the sidewalk must be a public one. Vol. 19, McQuillin Municipal Corporations, Page 81, verbo Liability for Defective Streets, *460 Sec. 54.35(a), Requisite that Sidewalk be Public One, provides:
“In order to render the municipality liable for a sidewalk injury, the sidewalk must be a public one, opened as such and over which the municipality exercised or may exercise full control * *
See also 63 C.J.S. Municipal Corporations § 794 b(2) Page 107.
The sidewalk on which this accident occurred was not constructed by or at the request of either the City of Baton Rouge or the Parish of East Baton Rouge. In particular, there are no sidewalks paralleling Iroquois Street in this area, but rather sidewalks that run from the street to the private residences located along the street. These sidewalks cannot be termed “public sidewalks” inasmuch as they are not for the use of the general public, but rather for the individual use of persons visiting the residences to which each sidewalk leads.
The question does arise that since there are no sidewalks paralleling the street in the instant case, whether there is a duty placed upon the governmental body to maintain these sidewalks which are seemingly private property. LSA-R.S. 33 :3301 provides :
“Municipalities may construct, pave, surface, resurface, with concrete, cement, asphalt, brick, gravel, crushed stone, shell, or any paving material, and repair or otherwise improve street, roads, sidewalks, and alleys * *
See also LSA-R.S. 33:3381, et seq., LSA-R.S. 33:3401 et seq., and LSA-R.S. 33:3421 et seq.
From the above it can be seen that it is not mandatory that the governmental bodies in this state construct streets or sidewalks. It is readily seen that the governmental bodies, including municipalities and parishes, have permissive authority, as designated by the word “may” to construct streets and sidewalks. This is well pointed out in Vol. 19, McQuillin Municipal Corporations, Page 93, Sec. 54.37, wherein it is stated:
“The municipality’s failure to construct any sidewalks at all is not actionable negligence; neither is failure to construct a curb on the sidewalk. No obligation rests upon a municipality to construct or order property owners to construct sidewalks * * *.”
The plaintiff-appellant has cited the cases of Long v. American Ry. Express Company, 150 La. 184, 90 So. 563 (1921); Cook v. City of Shreveport, 134 So.2d 582 (La. App. 2nd Cir. 1961) ; Haindel v. Sewerage and Water Board, 115 So.2d 871 (La.App. 4th Cir., 1959).
In all of the above cases, some affirmative act of negligence was committed by the defendant governmental body.
The plaintiff-appellant has strongly stressed the applications of the ruling of Cook v. City of Shreveport, supra. For this reason, we deem it necessary to take a closer look at that case. Judge Bolin, as the organ for the Second Circuit, recited the facts as follows:
“The basic facts are simple and essentially uncontroverted and which we will briefly state. On February 18, 1959, employees of the City of Shreveport were engaged in surveying Grigs-by Street as a first stage of widening same and constructing sidewalks adjacent thereto. This proposed street encroached upon property possessed by the plaintiffs, and it was necessary for the surveyors to open the gate of a fence enclosing the property in order to drive the stakes delineating the boundary of the proposed construction. One such stake was driven in the ground directly behind the gate on a straight line between the center of the gate and the front step of plaintiffs’ home. This stake, which protruded some 12 inches from the ground, was placed within a clearly visible footpath leading from the center of the gate to the front steps of the *461 plaintiffs’ home. Because of repeated use, this path had become evident as a pedestrian passageway across plaintiffs’ lawn. Mrs. Cook was walking to her home after having done some shopping, and was rather heavily burdened with bags of groceries. While so laden, she opened the right side of the gate, stepped inside, turned the latch to the gate, and stepped back to walk into the house when she tripped over the stake and fell to the ground. As a result of her fall, she complains of injuries to her hip and back.

“From a reading of the record, it is clear to us that the agents and employees of the city placed the stake in question on property belonging to the city, which, when the construction was completed, would become a part of the city street system; and that said stake was placed directly in a known path which led from such street to plaintiff’s home.”
The defendant-city in the Cook case had filed an exception of no cause or right of action on the theory of governmental immunity. In affirming the overruling of this exception by the Lower Court, the Second Circuit stated:
“It is our opinion that the cases discussed above are indicative of our jurisprudence that the exception to the general rule of governmental immunity which has been commonly referred to as the ‘street and sidewalk’ exception was never intended to be so narrowly construed as to mean a public way which had been technically or legally designated as such. To the contrary, we believe the exception applies to any such property which is either owned or under the control of such municipality and which is being used as a street or sidewalk to the knowledge of the public body. Under such circumstances it would not matter whether such passageway had technically been designated as a street or a sidewalk, because it had become such by its use, and to the knowledge of the municipality.
“As the above enunciations apply to the instant case, we have no difficulty in arriving at the conclusion that Mrs. Cook was injured while traversing property which was owned'by the defendant; and that, at the time the city employees placed the stake in a known and visible pathway leading to the plaintiffs’ house, it should have been clear to them that they were obstructing a passageway for pedestrian traffic. Under these circumstances, we conclude the plaintiff’s injuries occurred on property belonging to the defendant which was being used as a passageway for pedestrians, to the knowledge of the municipality, and falls within the exception to the general rule of governmental immunity.”
After a close reading of the Cook case, we have determined, that even though the Second Circuit held this sidewalk to be a public sidewalk, the real reason for finding judgment against the City of Shreveport was the affirmative act of negligence on the part of the city employees in placing the wooden stake in the middle of the pathway. We therefore do not feel that the Cook case is controlling.
Since there is no duty on the part of the Parish of East Baton Rouge to construct sidewalks, we are of the opinion that the Parish cannot be held liable, without some affirmative act of negligence, for the existence of a defective sidewalk within the Parish’s right-of-way, but not constructed by the Parish or at its request.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed.
Judgment affirmed.